The defendant, Lester Devon Stinson, appealed from a conviction of theft of property in the first degree. The Court of Criminal Appeals affirmed. 602 So.2d 1233. We reverse and render a judgment for the defendant.
The pertinent facts of this case are as follows:
Stinson owned 40% of the stock of RLL Cosmetics, located in Birmingham, Alabama. Charles McArthur, the president of RLL, owned the remaining interest. On May 24 or 25, 1990, Stinson went to Turner's Discount Carpeting to purchase carpeting for RLL Cosmetics. He entered into a contract with Roderick Turner, a partner in Turner's Discount Carpeting, in the amount of $1616.04.
On the day the contract was executed, Stinson gave Turner a check for the full contract price. Turner did not accept the check, because it was made out improperly. Stinson promised to deliver a second check made out correctly.
Turner said he attempted to cash the first check at Colonial Bank on Saturday morning, the same day the carpeting was installed. He said he was informed that the account the check was drawn on was already overdrawn. Later that day, Turner was given a second check. When Turner told Stinson that the second check was drawn on the same account as the first check, Stinson told him that the money would be in the account. Stinson also told Turner that if he brought the check back on Monday morning, RLL would give him all his money. Turner said he then told Stinson that he would call the police and swear out a warrant.
On Tuesday, May 29, Turner swore out a warrant against Stinson. As a result of Turner's actions, McArthur put a "stop payment" order on the check issued to Turner's Discount Carpeting. The bank's records indicate that the stop payment order went into effect on June 1, 1990, three days after the arrest warrant was issued. The defendant had nothing to do with the stop payment order. *Page 832 
At issue is whether the jury's verdict finding Stinson guilty of theft of property in the first degree was against the great weight of the evidence, particularly in regard to Stinson's specific intent to deprive, an essential element of theft of property in the first degree.
Theft of property in the first degree is a Class B felony, and involves the theft of property exceeding $1000 in value. Section 13A-8-2, Code of Ala. 1975, reads:
 "A person commits the crime of theft of property if he:
 "(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property."
To make a case of theft by deception, the state must prove three elements: (1) that the defendant knowingly obtained the property; (2) that the defendant obtained the property by deception; and (3) that the defendant intended to deprive the owner of the property. Oliver v. State, 518 So.2d 707
(Ala.Cr.App. 1987); Loper v. State, 469 So.2d 707
(Ala.Cr.App. 1985).
In Saffold v. State, 494 So.2d 164 (Ala.Cr.App. 1986), the defendant was charged in the indictment with knowingly obtaining, by deception, control over $165.00, the property of Voss General Merchandise, with intent to deprive it of its property. Because that was a felony case, the trial court charged the jury as follows:
 "Before you can find him guilty, the state has to prove beyond a reasonable doubt that at the time the check was written that Mrs. Voss cashed, this defendant intended, after it bounced, he would never make it good. You have got to be convinced of that beyond a reasonable doubt before you can convict him of the charge of theft of property."
In the underlying case, Stinson admittedly conducted business in a poor manner. He testified that when he entered the contract, he was not sure that the money was in the account, but that he thought it could be transferred from another RLL Cosmetics account. The RLL Cosmetics bank statement showed that on May 29, the day Turner swore out the warrant, the account had a balance of $3224.57, more than enough to cover the check for the carpeting. In addition, McArthur, not the defendant, initiated the stop payment order on the check. The stop payment order was dated June 1, 1990, three days after the warrant had been issued. Before swearing out the warrant, Turner did not bother to see if the RLL Cosmetics check would be honored.
The State presented insufficient evidence for the jury to conclude beyond a reasonable doubt that Stinson was guilty of theft of property in the first degree. Therefore, the judgment of affirmance is reversed and a judgment is rendered for Stinson on that charge.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS and INGRAM, JJ., concur.
STEAGALL, J., concurs in the result.