[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
05/05/99
THOMAS K. KAHN
CLERK

_____

No. 97-4485

_____

D. C. Docket No. 94-826-CIV-CCA
D. C. Docket No. 91-625-CR-CCA

ORLANDO GALLEGO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 5, 1999)**

Before HATCHETT, Chief Circuit Judge, BARKETT, Circuit Judge, and RONEY, Senior Circuit
Judge.

RONEY, Senior Circuit Judge:

Defendant Orlando Gallego challenges his drug conviction pursuant to 18 U.S.C. § 2255.

The single issue on appeal is whether the magistrate judge applied the wrong legal standard to

determine whether defendant's counsel rendered ineffective assistance of counsel by failing to

properly advise defendant that he had a constitutional right to testify that only he could waive, so

that defendant's waiver of that fundamental right was knowing and intelligent. Because the district court followed an erroneous legal standard in assessing defendant's claim, we vacate and remand.

The charges against Gallego stem from an undercover narcotics investigation in which the federal joint drug task force in Miami, Florida set up a phony import company through which a Colombian cocaine broker could distribute cocaine in the United States. Although the investigation was months long, involving multiple co-defendants, we recite here only the facts germane to Gallego's case. On the day of his arrest, agents observed Gallego leave the body shop where he was employed, drive to a cocaine-filled van parked in a shopping center, enter and exit the van and leave again. The agents later observed Gallego return to the shopping center, re-enter the van, and drive it to his sister's house, and park it in the garage.

When the agents executed a search warrant at the house, they observed that most of the cocaine had been unloaded from the van, removed from burlap sacks and placed into other boxes marked with kilogram amounts.

Defendant and a co-defendant were convicted by a jury of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § § 841(a)(1) and 846 (Count I); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Count II). At the time of trial, four other co-defendants had been declared fugitives. Immediately prior to defendant's trial, the court granted a severance to Gallego's sister, who was also the wife of one of the co-defendants. Defendant was sentenced to 292 months incarceration on both counts to run concurrently.

This Court affirmed the conviction on direct appeal. Gallego then filed his motion to vacate under 28 U.S.C. § 2255 in the United States District Court for the Southern District of Florida. A

2

United States Magistrate conducted an evidentiary hearing and issued a report recommending that the motion be denied. The district court adopted the recommendation of the magistrate judge.

On appeal, defendant challenges the district court's rejection of his allegations that his counsel failed to properly advise him of his right to testify.

A claim of ineffective assistance of counsel is the proper framework to analyze defendant's allegation that his attorney has violated his right to testify. *See United States v. Teague*, 953 F.2d 1525, 1534 (11th Cir.)(en banc) *cert. denied*, 506 U.S. 842 (1992). A criminal defendant has a "fundamental constitutional right to testify in his or her own behalf at trial. This right is personal to the defendant and cannot be waived either by the trial court or by defense counsel." *Teague*, 953 F.2d at 1532. Where counsel has refused to accept the defendant's decision to testify and refused to call him to the stand, or where defense counsel never informed the defendant of his right to testify and that the final decision belongs to the defendant alone, defense counsel "has not acted 'within the range of competence demanded of attorney's in criminal cases,' and the defendant clearly has not received reasonably effective assistance of counsel." *Teague*, 953 F.2d at 1534 (citing *Strickland*, 466 U.S. at 687).

In his § 2255 motion, Gallego contended that despite his repeated requests to testify, his counsel prevented him from doing so by "failing to discuss the strategic implications of testifying or not testifying and Gallego's right to ultimately make the final decision." The following testimony was adduced at the evidentiary hearing: Gallego's trial attorney, Robert Hertzberg, testified that he visited Gallego only two times prior to trial. After Hurricane Andrew, he stated, "Gallego was lost within the system." He spoke with Gallego just prior to the trial commencing, and discussed with

3

Gallego the potential testimony of Gallego's employer to prove that Gallego was associated with the auto body shop.

With regard to whether Gallego should testify, Hertzberg said he "[m]et with, spoke with him on the telephone, felt his English was marginal, did not think he was comfortable speaking, did not think he would be a good witness at trial." Hertzberg had no documentation as to what was discussed in any of his pre-trial discussions with Gallego, and nothing other than his own testimony regarding whether he discussed with Gallego his right to testify and that it was his right alone to waive. Hertzberg testified that the right to testify is an issue he discusses in every case and that on at least one or two occasions he spoke with Gallego concerning his right to testify. He denied that Gallego repeatedly requested the opportunity to testify.

For his part, Gallego confirmed that he had only two meetings with Hertzberg and in neither meeting did Hertzberg explain to Gallego his constitutional right to testify. He testified he did not fully understand his right to testify until the Federal Public Defender appointed to represent him at sentencing explained his rights fully.

The magistrate observed that the evidence boiled down to "the defendant's word against that of counsel, " and rejected defendant's version, stating that "a bare-bones assertion by a defendant, albeit made under oath, is insufficient to require a hearing or other action on his claim that his right to testify in his own defense was denied." The court relied upon the reasoning in a Seventh Circuit opinion, *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991), and said:

> At this time, the Court is mindful of the Seventh Circuit's opinion in *Underwood,* where the Court noted the difficulty in establishing a mechanism for protecting the defendant's right to testify without rendering the criminal process unworkable. See 939 F.2d at 475. This Court is also troubled by the system-wide ramifications of the Federal Courts vacating convictions based upon **unsubstantiated** allegations that a defendant was denied an opportunity to testify, especially when defense counsel

4

> testifies under oath to the exact opposite. With this in mind, the Court finds that the defendant has not carried his burden of proving that counsel deprived him of his right to testify.

(emphasis in original).

It is perfectly legitimate for the district court to find, based on all the evidence in the record, that a defendant's testimony about his participation in a drug scheme is not credible. The magistrate judge here, however, based the decision on the fact that defendant's allegations were unsubstantiated and incorrectly found as a matter of law that defendant could not carry his burden without presenting some evidence in addition to his own word, which is contrary to that of counsel's. The magistrate says nothing about the internal consistency of the defendant's testimony, or his candor or demeanor on the stand. Indeed, the magistrate does not even state simply why the defendant's lawyer is the more credible witness in this case. There is nothing in the report to indicate the magistrate weighed defendant's credibility. *Compare United States v. Camacho,* 40 F.3d 349 (11th Cir. 1994)(court made specific findings of fact after an evidentiary hearing regarding defendant's credibility), *cert. denied,* 514 U.S. 1090(1995). The fact that defendant's testimony is uncorroborated is not enough standing alone to support a credibility finding. Counsel's testimony was also unsubstantiated by other evidence.

While we appreciate the concerns enunciated in *Underwood,* we cannot adopt a *per se* "credit counsel in case of conflict rule," which allows that in any case where the issue comes down to the "bare bones testimony" of the defendant against the contradicting testimony of counsel, defendant is going to lose every time. We therefore remand for a new evidentiary hearing. Because of the intervening death of District Judge C. Clyde Atkins, the case will necessarily come before a

5

different district judge.  We suggest that in view of the nature of the case, if the matter is referred to a magistrate, it be sent to a different magistrate judge.

VACATED AND REMANDED.

HATCHETT, Chief Judge, dissenting:

I respectfully dissent because the magistrate judge obviously made a credibility finding. This is an 18 U.S.C. § 2255 action; the appellant must use the record to establish this claim through a preponderance of the evidence. If the evidence is in equipoise, the appellant (defendant) loses. See Collier v. Turpin, 155 F.3d 1277, 1285 n.14 (11th Cir. 1998).