[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2007
THOMAS K. KAHN
CLERK

No. 05-16137
Non-Argument Calendar

_____

D. C. Docket Nos. 04-61629-CV-DTKH
98-06015-CR-DTK

JEFFREY FRANKLIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 5, 2007)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Federal prisoner Jeffrey Franklin, proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2255 ("§ 2255") motion to vacate, set aside, or correct his sentence. We granted a Certificate of Appealability ("COA") as to whether the district court erred in failing to hold an evidentiary hearing on whether trial counsel was ineffective in failing to inform Franklin of his right to testify at trial. On appeal, Franklin argues that he should have received an evidentiary hearing on his allegation that his attorney failed to advise him of his right to testify. We AFFIRM.

## I. BACKGROUND

Franklin, a federal prisoner serving a 235-month sentence following his convictions on numerous drug smuggling charges, filed the instant § 2255 motion to vacate. In his motion, Franklin alleged the following errors: (1) trial counsel was ineffective for failing to inform him that he had the right to testify in his own defense; (2) trial counsel was ineffective for failing to inform him about the safety valve provision under U.S.S.G. § 5C1.2; and (3) his sentence was based upon facts found by a preponderance of the evidence standard rather than beyond a reasonable doubt.

Franklin argued that his attorney performed deficiently by failing to advise him of his right to testify. He contended that the denial of a defendant's right to testify "transcend[ed]" the typical prejudice analysis for ineffective assistance of

counsel claims, and prejudice "is sufficiently proven, if not presumed from" such a denial. R1-3 at 18. Franklin, if informed of his right to testify, would have testified to the following: (1) he never engaged in any drug transactions with his co-defendants or the government witnesses; (2) he never received any financial payments from the government's witnesses; and (3) he would have contradicted the allegations made against him by the government's witnesses. His testimony would have increased "the realm of probability that he would have been acquitted." Id. at 19. Asserting that his allegations could not be conclusively disproved by the record, he requested an evidentiary hearing so the matter could be properly developed.

Franklin attached an affidavit that briefly reiterated the contentions of his § 2255 supporting memorandum. He stated that if he had been aware of his right to testify that he would have done so and been able to answer "any questions . . . relating to my criminal case." R1-6 at 1.

The government responded that Franklin's allegations were insufficient to establish that he was denied effective assistance of counsel. A defendant must establish both prongs of an ineffective assistance of counsel claim, deficient performance and prejudice, to prevail on a right to testify claim. The government contended that Franklin could not show prejudice. Franklin's proposed testimony,

3

that he was not involved in any drug activity, would not have been credible nor would it have refuted the overwhelming evidence of his guilt. Franklin failed to establish prejudice because there was no reasonable probability that his self-serving testimony would have convinced the jury to reject the evidence and acquit him.

Franklin was charged for his role in a conspiracy to smuggle controlled substances through Port Everglades. The government's evidence consisted of cooperating witness testimony, wiretap tapes and transcripts, and telephone toll records. Cecil McCleod, the government's primary witness, testified about numerous drug smuggling transactions involving Franklin. The government offered recordings of telephone conversations, which McCleod interpreted:

> BY MR. SLOMAN [US Attorney]:
> Q. When Mr. Franklin says, "Ya'll see it in the second row," what was he referring to there? What did you take that to mean?
> A. The container.
> . . .
> Q. And the reference to the word it, context in the second row refers to what?
> A. The container with the marijuana.

Exh. 8 at 1267. The government introduced phone logs, which tracked phone numbers called by McCleod, on and around the drug smuggling operation dates. For example, McCleod testified that a phone number on the log belonged to

4

Franklin, and, on that certain phone call, McCleod was setting up a smuggling event. The government also relied upon the testimony of two port security guards who were involved in the smuggling operation. One of the security guards testified to a number of drug smuggling transactions in which he and Franklin were both involved.

Franklin's evidence included a number of witnesses. Vernala Turnquest, an electrician, testified that he worked on a number of projects with Franklin for some of the co-defendants in the case. Gloria Jean Franklin Morris, Franklin's mother, testified that her son was a handyman and she often loaned him money.

Latrice Kertrina Franklin, Franklin's wife, testified that her husband did air conditioning and landscape work for McCleod. She received many late-night phone calls from McCleod's wife, who was trying to locate her husband. Franklin would then start making phone calls to try and track McCleod down. Franklin cross-examined the government witnesses, and argued that the primary government witnesses, those who implicated Franklin, perjured themselves in an attempt to gain reduced sentences.

Franklin replied that an evidentiary hearing should be granted so his testimony could be examined for credibility and a determination could be made on whether such testimony would have influenced the final outcome of his trial.

5

Franklin argued that the evidence was not overwhelming and that the court could not reach a conclusion on the impact of his testimony without hearing and evaluating it.

The magistrate judge issued a report, recommending that Franklin's § 2255 motion be denied. The magistrate judge found that Franklin failed to establish that he was prejudiced by counsel's deficient performance. The magistrate judge explainded that: (1) the evidence against Franklin was strong, based upon the testimony of co-conspirators, phone records, and taped phone conversations; and, (2) Franklin's attorney presented a "vigorous, comprehensive defense, forcefully challenging the credibility of the testifying co-conspirators during cross-examination;" R1-20 at 4, and (3) the defense witnesses provided explanations for the many phone calls between McCleod and Franklin. The magistrate judge concluded by stating:

> Franklin does not proffer what his testimony would have been, other than to assert he would have presented his version of the facts. After painstakingly reviewing the transcript from this lengthy trial, the movant's assertion that had he testified, "the realm of probability that he would have been acquitted would have increased exponentially" notwithstanding, the undersigned concludes that there is no reasonably probability that his testimony would have resulted in an acquittal.

Id. at 5 (citing R1-3 at 19) (alterations omitted).

6

Franklin filed objections to the magistrate judge's report and recommendation, arguing that the magistrate judge erroneously decided that the evidence supporting his conviction was overwhelming, making his testimony meaningless. He claimed that his contention was not that his testimony would have made a difference, rather that his constitutional right to testify was violated, which required that his convictions be vacated, irrespective of the impact his testimony would have had. He argued that there was no evidence in the record that would disprove his contention that his attorney failed to inform him of his right to testify. Moreover, Franklin asserted, the court could not consider the impact of his testimony absent an evidentiary hearing.

The district court adopted the magistrate judge's report and denied Franklin's § 2255 motion. The district court then denied Franklin's motion for a COA, finding that he had failed to make a substantial showing of the denial of a constitutional right. We, however, granted a COA on "[w]hether the district court erred in failing to hold an evidentiary hearing on whether trial counsel was ineffective in failing to inform Franklin of his right to testify at trial." R30 at 2.

## II. DISCUSSION

Franklin's primary contention is that the district court determined that his testimony would not have changed the outcome of the trial without evaluating the

testimony he would have provided. He argues that the district court could not evaluate his credibility or any additional evidence he might have been able to present without an evidentiary hearing. He further argues that the magistrate judge relied upon tactical reasons, not presented in the record, to deny his motion. He focuses on the first prong of the ineffective assistance of counsel framework, arguing that the court ignored this part of the analysis. He requests a remand so the district court can completely review his demeanor and testimony.

We review the denial of an evidentiary hearing on a § 2255 motion for abuse of discretion. Aron v. United States, 291 F.3d 708, 714 n. 5 (11th Cir. 2002). Evidentiary hearings must be held on motions to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The scope of review is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (per curiam).

"[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron, 291 F.3d at 714-715 (citations and internal quotation omitted). "Moreover, the court should construe a habeas petition by a pro se litigant more liberally than one filed by an attorney." Id. at 715. A petitioner is not entitled to

8

an evidentiary hearing if his claims "are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (addressing issue in context of 28 U.S.C. § 2254) (citations and internal quotations omitted).

A criminal defendant has a fundamental constitutional right to testify on his own behalf at trial, a right that cannot be waived by defense counsel. United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc). The appropriate vehicle for claims that a defense counsel's acts led to a violation of this right is an ineffective assistance of counsel claim. Id. at 1534. Where defense counsel has not informed the defendant of his right to testify, defense counsel "has not acted within the range of competence demanded of attorneys in criminal cases." Gallego v. United States, 174 F.3d 1196, 1197 (11th Cir. 1999) (citations and internal quotations omitted).

The legal standard governing the disposition of ineffective-assistance-of-counsel claims is derived from Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). In Strickland, the Supreme Court established a two-prong test for adjudicating ineffective-assistance-of-counsel claims. First, a movant must show that counsel's performance was deficient. Id. at 687, 104 S. Ct. at 2064. The proper measure of attorney performance is "reasonableness under prevailing

9

professional norms." Id. at 688, 104 S. Ct. at 2065. Counsel is "strongly presumed" to have rendered adequate assistance and to have exercised reasonable professional judgment. Id. at 690, 104 S. Ct. at 2066. "Second, [a movant] must show that the deficient performance prejudiced the defense." Id. at 687, 104 S. Ct. at 2064. To prove prejudice, a movant must show that there is a reasonable probability that the outcome would have been different but for counsel's unprofessional errors. Id. at 694, 104 S. Ct. at 2068.

Here, the district court denied Franklin's § 2255 motion, without an evidentiary hearing, after finding that Franklin's proposed testimony, in light of both parties' trial evidence, would not have created a reasonable probability that the trial's outcome would have been different. Franklin makes a number of arguments on appeal, including that the question is not whether his testimony would have altered the final outcome, rather it is whether he was denied the right to testify. Franklin, however, must establish deficient performance and prejudice to obtain relief in this § 2255 motion. See id. at 687, 104 S. Ct. at 2064; Teague, 953 F.2d at 1535.

As the district court assumed Franklin's counsel performed deficiently, the only question is whether the district court could conclusively rule on the issue of prejudice in this case without an evidentiary hearing. See 28 U.S.C. § 2255. The

10

district court reviewed the entire seven-week trial transcript and Franklin's

assertions about the nature of his testimony before making its determination on the

prejudice prong. The trial transcript explicitly related the evidence on both sides in

the drug smuggling case. The trial transcript and Franklin's proposed testimony,

as proffered in his pleadings and affidavit filed in support of his § 2255 petition,

provided the district court with all that it needed to determine whether it was

reasonably probable that Franklin's testimony would have changed the outcome.

See United States v. Taveres, 100 F.3d 995, 998 (D.C. Cir. 1996) (assigning

"special significance to the defendant's precluded right to testify" while also

"inquir[ing] whether it is reasonably probable that the defendant's testimony would

have changed the outcome of the trial in his favor"). The evidence of Franklin's

guilt was overwhelming, with co-conspirator testimony directly implicating him in

the crimes and independent corroborating evidence, including telephone records

and taped telephone conversations in which Franklin and a co-defendant discussed

the drug smuggling operation. See id. at 998-99 ("Even if Taveres could have

contributed something new and substantive to his defense, the evidence of his guilt

of possessing the 8,440 doses of LSD found in . . . his house was so strong that

there is no reasonable probability his testimony would have altered the outcome of

the trial."). The district court properly assessed Franklin's proffered testimony in

11

light of the evidence adduced at trial that implicated him in the criminal activities. After its review, it was not an abuse of discretion for the district court to decide that Franklin could not show prejudice without an evidentiary hearing.

### III.  CONCLUSION

Because the district court did not abuse its discretion in resolving Franklin's "ineffective assistance of counsel" claim without conducting an evidentiary hearing, its denial of Franklin's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence is **AFFIRMED.**