[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13517
Non-Argument Calendar

_____

D. C. Docket No. 08-20006-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK TOWNSLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 8, 2009)**

Before BIRCH, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Townsley appeals his convictions and sentences for being a felon in

possession of a firearm, 18 U.S.C. § 922(g)(1), possession with intent to distribute cocaine base. 21 U.S.C. § 841(a)(1), and carrying a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A).  On appeal, Townsley argues that the district court erred in denying his motion to suppress.  Specifically, he argues that the district court applied a presumption in favor of the government's witnesses and summarily discounted his own testimony without making proper credibility findings.  Townsley also argues that the district court erred in sentencing him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because his three prior Florida convictions for unlawfully carrying a concealed weapon, Fla. Stat. § 790.01(2), did not constitute "violent felonies."

I.

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). We review the district court's factual findings for clear error.  Id.  All facts are construed in the light most favorable to the prevailing party below.  United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).  The district court's application of the law to the facts is reviewed de novo.  Id.

Townsley relies primarily on our decision in Gallego v. United States, 174 F.3d 1196 (11th Cir. 1999).  In that case, Gallego, a federal prisoner, brought an 18

U.S.C. § 2255 motion alleging that he had received ineffective assistance of counsel. Id. 1196-1197. He argued that his attorney had failed to inform him that he had a constitutional right to testify at trial. Id. at 1197. After hearing conflicting testimony from Gallego and his attorney, the magistrate - and later the district court - ruled against Gallego because he had not provided any additional evidence to support his motion. Id. at 1198. The magistrate did not make any findings as to the credibility of Gallego's testimony. Id. We vacated and remanded the lower court's findings, holding that a court may not adopt a per se rule against a defendant in a case involving conflicting testimony. Id. at 1198-1199. Instead, a court must weigh the credibility of the parties' testimony. Id. at 1198.

The facts of this case are distinguishable from those of Gallego. In this case, the district court explicitly found that the government's witnesses had testified credibly. Also, unlike the magistrate judge in Gallego, the district court did not automatically discount all of Townsley's testimony. The court believed Townsley's testimony that the officers had been making statements to him prior to giving him his Miranda warnings. The court simply concluded that these statements did not constitute "interrogation," and, thus, there had been no violation

3

of Miranda.[1]

Because the district court here properly analyzed the testimony and the credibility of the witnesses at the suppression hearing, and because the evidence supported its finding of probable cause, it did not clearly err in denying Townsley's motion to suppress. Because Townsley's only challenge to his convictions is his suppression argument, and because we reject that challenge, his convictions are due to be affirmed. We turn next to Townsley's challenge to his sentence.

II.

We review de novo a district court's determination that a defendant's prior convictions constitute "violent felonies" under the ACCA. United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006). The ACCA provides that a defendant is subject to an enhanced 15-year mandatory minimum sentence if the defendant has been convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), and the defendant has at least three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1).

The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use,

_____

[1] Townsley does not challenge this conclusion of the district court.

4

attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The term "serious drug offense" is defined as any state or federal drug offense with a maximum term of imprisonment of ten years or more. 18 U.S.C. § 924(e)(2)(A). The Sentencing Guidelines provide for an enhanced guideline range for defendants who fall under the ACCA. U.S.S.G. § 4B1.4.

Florida law makes it a felony for a person to carry a concealed firearm without a license to do so. Fla. Stat. § 790.01(2)(2008). In United States v. Hall, 77 F.3d 398, 401-402 (11th Cir. 1996), we held that violations of Fla. Stat. § 790.01(2) were "violent felonies" under the ACCA. Later, relying on our analysis in Hall, we also held that violations of Fla. Stat. § 790.01(2) were "crimes of violence" under the career offender guideline, § 4B1.1. United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir. 1998).

Recently, in Begay v. United States, 553 U.S. ___, 128 S.Ct. 1581 (2008), the Supreme Court established a new standard for determining whether a prior conviction is a "violent felony" under the ACCA. The Court interpreted the list of enumerated crimes in the first clause of § 924(e)(2)(B)(ii) as having a limiting

5

effect on the second clause of § 924(e)(2)(B)(ii). Id. at 1584-1585. The Court concluded that the second clause did not cover all crimes that involved a "serious potential risk of physical injury to another," but only those crimes that were "roughly similar, in kind as well as in degree of risk posed" to burglary, arson, extortion, or crimes involving the use of explosives. Id. at 1585. The Court also noted that all of these enumerated crimes "typically involve purposeful, violent, and aggressive conduct." Id. at 1586 (quotations omitted).

In United States v. Archer, 531 F.3d 1347 (11th Cir. 2008). we applied the Begay analysis to Florida's concealed weapons statute. Archer was originally sentenced as a career offender based in part on a previous conviction under Fla. Stat. § 790.01(2). Archer, 531 F.3d at 1349. We initially affirmed Archer's sentence based on our prior precedent in Gilbert, but the Supreme Court granted certiorari, vacated our decision, and remanded the case for further consideration in light of its decision in Begay. Id.

On remand, we concluded that Begay had effectively abrogated Gilbert. Id. at 1352. Although Begay involved the definition of "violent felony" under the ACCA, whereas Gilbert and Archer involved the definition of "crime of violence" under the career offender guideline, we noted that these two definitions were virtually identical. Id. Therefore, the Begay test applied to both the ACCA and

6

§ 4B1.2. Id. Applying the Begay analysis, we held that violations of Fla. Stat. § 790.01(2) were not "crimes of violence" under the career offender guideline. Id. We noted that Fla. Stat. § 790.01(2) only punishes possession, and therefore does not involve the same sort of aggressive, violent, or purposeful conduct as the other felonies listed in § 924(e)(2)(B). Id. at 1351. Also, we noted that an individual can obtain a license to carry a concealed weapon in Florida, which indicates that violations of Fla. Stat. § 790.01(2) are not as serious as the crimes of burglary, arson, or extortion. Id.

In this case, the district court found that Townsley was an armed career criminal based in part on his three previous convictions for carrying a concealed firearm, in violation of Fla. Stat. § 790.01(2). In light of this Court's decision in Archer, the district court erred in counting these convictions as violent felonies. Accordingly, we vacate Townsley's sentences and remand this case for resentencing. Because we are vacating Townsley's sentences, we need not address his argument that his present total sentence is unreasonable. Cf. United States v. McVay, 447 F.3d 1348, 1356 (11th Cir. 2006).

Accordingly, Townsley's convictions are **AFFIRMED**, but his sentences are **VACATED AND REMANDED.**[2]

---

[2] Townsley's request for oral argument is denied.