[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14020
Non-Argument Calendar

_____

D. C. Docket Nos. 06-08045-CV-BE-S, 03-00535-CR-BE

DONALD BARRY HESTER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 6, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Donald Hester, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The district court granted a certificate of appealability ("COA") on two issues. On appeal, Hester raises only one of the two issues:[1]

> Whether movant was denied the effective assistance of counsel at trial when defense counsel rested without calling the movant to testify on his own behalf.

Hester argues that the district court erred in denying this ineffective assistance of counsel claim, and that the district court further erred by failing to hold an evidentiary hearing on the issue.[2] As Hester is proceeding pro se, we will construe his pleadings liberally. See United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009).

## DISCUSSION

First, we discuss Hester's ineffective assistance of counsel claim. Then, we turn to the district court's failure to hold an evidentiary hearing.

A. Ineffective Assistance of Counsel

---

[1] Issues not argued on appeal are abandoned. See United States v. Futch, 518 F.3d 887, 895 n.10 (11th Cir.), cert. denied, 129 S. Ct. 396 (2008).

[2] Hester also requests that we expand the COA to include the issue of whether his trial and appellate attorneys were ineffective for failing to challenge his sentence. We need not (and do not) address whether his request is timely, because the challenge to his sentence that he now asserts – i.e., that the gun enhancement of his drug distribution sentence renders his conviction on the gun count a violation of Double Jeopardy – is foreclosed by Witte v. United States, 515 U.S. 389, 399, 115 S. Ct. 2199, 2206 (1995) ("We thus made clear that use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause.").

2

With regard to a district court's denial of a motion to vacate pursuant to 28 U.S.C. § 2255, we review legal conclusions de novo and findings of fact for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). An ineffective assistance of counsel claim is a mixed question of law and fact that is subject to de novo review. Gordon v. United States, 518 F.3d 1291, 1296 (11th Cir. 2008).

A criminal defendant has a fundamental constitutional right to testify on his own behalf at trial, and this right cannot be waived by defense counsel. Gallego v. United States, 174 F.3d 1196, 1197 (11th Cir. 1999). "A claim of ineffective assistance of counsel is the proper framework to analyze defendant's allegation that his attorney has violated his right to testify." Id. The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; Strickland v. Washington, 466 U.S. 668, 684-86, 104 S. Ct 2052, 2063 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. Strickland, 466 U.S. at 687-88, 691-92, 104 S. Ct at 2064-67. This Court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

In order to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693, 104 S. Ct. 2067.

On this record, we are compelled to conclude that there is no reasonable probability that the outcome of the trial would have been different had Hester testified in his own defense. Hester makes two arguments. First, Hester would have testified that he never carried a gun during drug transactions.[3] However, in light of all the evidence, there is not a reasonably probability that his testimony would have changed the outcome of the trial. Four witnesses testified that Hester carried a gun during drug transactions. In addition, a law enforcement officer identified a

---

[3] Hester's affidavit states that he would have testified to the following facts: (1) Hester was "very interested in and collected guns" since the age of eleven; (2) Hester "had a number of rifles, pistols and shotguns," which were "usually kept" in his gun safe; (3) Hester had a permit to carry a pistol; (4) Hester's wife had been injured by the accidental discharge of a pistol and imposed a "house rule" that pistols could not be carried inside the home; (5) as a joke, Hester played along with a statement by an informant that he had a gun in his pants; (6) when one of the informants asked about buying a pistol, Hester took it out of the safe to show it to her; (7) the informant's were long-time friends and never appeared "intimidated" by Hester; (8) Hester never owned an ankle holster or carried a pistol on his ankle; and (9) Hester never pulled out a gun or threatened anyone with a gun.

handgun recovered from Hester's home. Finally, Hester's mother, testifying for the

defense, made the following statements on direct examination:

> Q: Was it unusual to see handguns in [Hester's] house?
>
> A: No, sir, no, sir.
>
> Q: Was it unusual to see [Hester] with a handgun on him, in his pocket or in a holster or anything of that nature?
>
> A: No, sir.
>
> Q: Was that something that was common?
>
> A: Yes, Sir.

Accordingly, Hester cannot satisfy the prejudice prong of the Strickland analysis.

Second, Hester argues that his testimony would have provided a basis for an

entrapment defense or, at a minimum, sentencing manipulation.[4] We reject both

arguments.

> A successful entrapment defense requires two elements: 1) government inducement of the crime, and 2) lack of predisposition on the part of the defendant. The defendant bears the initial burden of production to show government inducement. The mere suggestion of a crime or initiation of contact is not enough. Rather, inducement requires an element of persuasion or mild coercion.

United States v. Padron, 527 F.3d 1156, 1160 (11th Cir. 2008) (internal citations and

quotations omitted). Here, Hester's own affidavit demonstrates that he willingly

---

[4] Hester argues that he was entitled to a defense of sentencing entrapment. This Circuit does not recognize sentencing entrapment as a viable defense. See United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007).

produced a gun. Turning to Hester's second argument, we note that, "to bring sting operations within the ambit of sentencing factor manipulation, the government must engage in extraordinary misconduct." United States v. Ciszkowski, 492 F.3d 1264, 1271 (11th Cir. 2007). There is no evidence of such misconduct here. See id. ("The fact that law enforcement may provide drugs or guns essential to a willing and predisposed offender does not necessarily constitute misconduct."). Accordingly, Hester cannot satisfy the prejudice prong of the Strickland analysis, and we conclude that Hester did not receive ineffective assistance of counsel.

B. Failure to Hold an Evidentiary Hearing

We review a district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion. Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002). When confronted with a § 2255 motion, a district court must grant an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991). Because Hester's claim of prejudice – even liberally construed – is unsupported on the face of the record, the district court did not abuse its discretion by failing to hold an evidentiary hearing.

CONCLUSION

For the forgoing reasons, the opinion of the district court is

6

AFFIRMED.[5]

---

[5]     Appellee's motion to dismiss all issues not granted in the certificate of appealability is dismissed as moot.