[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15694
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-23076-JAL

ROY GEER,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 22, 2011)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Roy Geer appeals the district court's denial of his 28 U.S.C. § 2255 motion

attacking his drug conviction.  Geer claims his counsel, Ed Shohat, was ineffective

for denying his right to testify at trial.  We previously remanded this case so that the district court could hold an evidentiary hearing to determine whether the performance prong of the *Strickland* test was violated.[1]  *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct 2052 (1984).  After hearing conflicting testimony from both Geer and Shohat, the district court found that Shohat more likely than not followed his normal practice and advised Geer of his right to choose whether he wished to testify.  The district court further found that Shohat convinced Geer not to take the stand because of Geer's prior drug conspiracy convictions.  "[I]f counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed should, advise the client in the strongest possible terms not to testify." *United States v. Teague*, 953 F.2d 1525, 1533 (11th Cir. 1992) (*en banc*).

After reviewing the record we find no clear error in the district court's findings of historical facts.  *See Gallego v. United States*, 174 F.3d 1196, 1198 (11th Cir. 1999) ( "It is perfectly legitimate for the district court to find, based on all the evidence in the record, that a defendant's testimony about his participation in a drug scheme is not credible.").  And we further find no error in the determination by the district court that Geer failed to make a substantial showing that Shohat deprived him of the right to testify in violation of the Sixth

---

[1] *Geer v. United States*, 354 F. App'x 417 (11th Cir. 2009).

Amendment.  Therefore, we affirm the district court's denial of Geer's § 2255 motion.

**AFFIRMED**