[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13692
Non-Argument Calendar
_____

D.C. Docket Nos. 1:10-cv-21070-MGC,
1:06-cr-20457-MGC-1


JOSE PEDRON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 11, 2013)

Before DUBINA, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Jose Pedron appeals the district court's denial of his motion to vacate sentence that he filed pursuant to 28 U.S.C. § 2255 and after his trial and conviction in 2006 of various drug-related crimes.  At trial, the government submitted evidence and testimony establishing that Pedron's neighbor had provided amphetamines, which the neighbor allegedly obtained from Pedron, to agents with the Drug Enforcement Administration ("DEA"), and that those amphetamines had the same purity level, unusual color, and markings as amphetamines found in Pedron's vehicle at the time of Pedron's arrest.

In defense, Pedron argued that he was set up by his neighbor, who was attempting to force Pedron and Pedron's family to vacate their home, which had been purchased in the neighbor's name but with Pedron's money.  Pedron claimed that his neighbor had attempted to interfere with Pedron's enjoyment of his home by rerouting his mail.  As part of that defense, Pedron's counsel subpoenaed two postal employees, but allegedly failed to comply with various federal regulations required to subpoena federal employees.  The postal employees purportedly would have testified that Pedron's wife had filed complaints about their mail being diverted to the neighbor's home.  At trial, Pedron's wife testified about the problems with the mail.

Pedron also testified in his own defense.  In his § 2255 motion, Pedron asserts that his counsel did not inform him of his rights regarding his decision to

2

testify, including that he had the right to choose not to testify in his own defense, that he alone had the right to decide whether or not to testify, and that the jury was not allowed to consider his failure to testify. The government submitted a declaration in which Pedro's counsel stated that he did not remember the conversation exactly, but that he was sure that he had discussed Pedron's rights about the decision to testify with him and that they had come to a mutual agreement on the issue.

The district court denied Pedron's § 2255 motion, finding that his counsel was not ineffective as to the postal witnesses because Pedron did not cite the specific regulations counsel failed to follow, and because Pedron did not establish that there was a reasonable probability that, if the postal witnesses had testified, the outcome of the trial would have been different. The district court also concluded that Pedron did not establish that there was a reasonable probability that the outcome of the trial would have been different if he had not testified. The court, however, granted a certificate of appealability ("COA") as to whether Pedron's counsel was ineffective for either (1) failing to follow the federal regulations required to subpoena the postal employees, or (2) failing to advise Pedron about his right to testify.

I.

3

In a § 2255 proceeding, "we review a district court's legal conclusions *de novo* and factual findings for clear error." *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008).  We accord "substantial deference to the fact finder . . . in reaching credibility determinations with respect to witness testimony." *Id.* (internal quotation marks omitted) (ellipses in original).

To make a successful claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  Courts need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697, 104 S. Ct. at 2069.

Under the first prong, the defendant must establish that counsel's performance was deficient by demonstrating that counsel's performance was unreasonable under prevailing professional norms. *Id.* at 688, 104 S. Ct. at 2065. The defendant bears the burden to prove by a preponderance of the evidence that counsel's performance was unreasonable by establishing "that particular and identified acts or omissions of counsel were outside the wide range of professionally competent assistance." *Chandler v. United States*, 218 F.3d 1305, 1313-14 (11th Cir. 2000) (internal quotation marks omitted).  Our review of a counsel's performance is highly deferential, and we apply a "strong presumption"

4

that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 1314 (internal quotation marks omitted). We conduct an objective inquiry into the reasonableness of counsel's performance, such that "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Id.* at 1315. We evaluate counsel's effectiveness based on counsel's perspective at the time. *Id.* at 1316.

Under the second prong of the *Strickland* test, the defendant must establish prejudice by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The defendant must affirmatively prove prejudice because attorney errors are as likely to be "utterly harmless" as they are to be prejudicial. *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (quoting *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067).

Here, we conclude from the record that the district court did not err by determining that Pedron's trial counsel was not ineffective for failing to comply with federal regulations in order to subpoena the postal employees, as those witnesses' purported testimony would have been duplicative of by Pedron's wife's testimony. Moreover, Pedron cannot show prejudice to the outcome of the

5

proceedings because there was ample evidence for the jury to convict Pedron on all counts. The government showed that the DEA agents found amphetamine pills and cocaine both on Pedron's person and in his vehicle at the time of the arrest, and that those amphetamine pills matched the pills Pedron's neighbor provided to the DEA agents.

## II.

A defendant can bring an ineffective-assistance-of-counsel claim based on his attorney's failure to inform him fully about his right to testify. *See Gallego v. United States*, 174 F.3d 1196, 1197 (11th Cir. 1999). When counsel does not inform the defendant of his right to testify and that the final decision belongs to the defendant alone, the defendant has not received reasonably effective assistance of counsel. *Id.*

Here, we conclude from the record that that the district court did not err by determining that Pedron had not received ineffective assistance of counsel as to his right to testify. Although there was a factual dispute as to whether Pedron was informed of those rights, Pedron did not establish that he was prejudiced by the alleged failure because he did not state that he would have chosen not to testify, and there was sufficient evidence to convict him, regardless of whether he testified.

For the above-stated reasons, we affirm the district court's order denying Pedron's motion to vacate sentence.

6

**AFFIRMED.**