[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15793
Non-Argument Calendar
_____

D.C. Docket No. 2:00-cr-14055-DLG-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS ALLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 9, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Louis Allen appeals the revocation of his supervised release, imposed for committing theft by deception. On appeal, Allen argues that the district court erred in admitting two pieces of hearsay evidence, a video and an affidavit, at his revocation hearing. He also argues that the district court clearly erred in crediting witness Michael Johnson's testimony over his own testimony. Finally, he argues that the district court abused its discretion in concluding that he violated his supervised release by committing theft by deception. After thorough review, we affirm.

## I.  Admission of Video and Affidavit

Whether the Federal Rules of Evidence apply in a supervised release revocation hearing is a question of law, and as such is subject to *de novo* review. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). Although we have held that the Federal Rules of Evidence do not apply in supervised release revocation hearings, "the admissibility of hearsay is not automatic." *Id.* at 114. Defendants in probation and supervised release revocation proceedings are entitled to "certain minimal due process requirements," including the right to confront and cross-examine witnesses. *Id.* In determining whether to admit hearsay testimony, the district court "must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* In addition, the hearsay statement must be reliable. *Id.*

2

A court's failure to perform this balancing test may be harmless if the evidence overwhelmingly demonstrates that the defendant violated the terms of his supervised release.  *Id.*  If admission of hearsay evidence violates due process, "the defendant bears the burden of showing that the court *explicitly* relied on the information;" the defendant must show "(1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence."  *See United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991) (quotation omitted) (discussing the admissibility of hearsay testimony in the context of a probation revocation hearing); *see also Frazier*, 26 F.3d at 113 (holding that there is no significant conceptual difference between the revocation of probation or parole and the revocation of supervised release).

Here, even assuming *arguendo* that the district court erred by introducing the cell phone video (Government Exhibit 4) and the affidavit (Government Exhibit 5) into evidence without explicitly discussing the balancing test from *Frazier*, the error was harmless because Allen failed to show that the challenged evidence is materially false or unreliable and that it actually served as the basis for his sentence.  Allen failed to meet his burden of showing that the court "*explicitly* relied on the information."  *See Taylor*, 931 F.2d at 847.  First, with regard to the cell phone video, the district court described the video as "two gentlemen who appeared to be in a dining area of a home and one person appearing to sign some

3

document or sign something, to affix a signature to a piece of paper." The district court stated that it didn't even know what the video was supposed to prove or verify. Therefore, even though the district court stated that it had considered all of the evidence in the record, nothing in the record *explicitly* indicates that the district court actually relied on this video that he had "no clue what it was supposed to prove or verify." Additionally, with regard to both the video and the affidavit, Allen has not met his burden of showing that this evidence is materially false or unreliable. The video and the affidavit were both consistent with testimony that the magistrate judge had found credible, and, as we hold *infra*, the magistrate judge did not clearly err by crediting Johnson's account over Allen's account. *See United States v. Reme*, 738 F.2d 1156, 1168 (11th Cir. 1984) ("Whether the hearsay statement is corroborated or contradicted by other evidence in the record is also relevant in determining reliability."). Allen also did not present any evidence before the district court to meet his burden of showing that the affidavit, which directly corroborates Johnson's testimony before the magistrate judge, is false or unreliable. Accordingly, even assuming *arguendo* that the district court erred, we readily conclude that any error was harmless.

## B. Credibility of Witnesses

The district court's findings of fact at a revocation hearing are reviewed for clear error. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). "The

credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility." *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994); *see also United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (holding, in the context of a criminal trial, that a court's choice of who to believe is conclusive unless the judge credits exceedingly improbable testimony).  We defer to the lower court's credibility determinations unless the court's "understanding of the facts appears to be 'unbelievable.'" *Ramirez-Chilel*, 289 F.3d at 749 (citing *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985)).

The district court's credibility determinations are not "unbelievable." *See id.* Allen contends on appeal that the lower court discredited Allen's testimony as a *per se* matter because of his vested interest in this case and accordingly that we should reverse the district court in light of our decision in *Gallego v. United States*, 174 F.3d 1196, 1198-99 (11th Cir. 1999).  But the record clearly reflects that the lower courts did not dismiss Allen's testimony as a *per se* matter.  Instead, the magistrate judge—and district court judge—found that the record evidence more accurately supported Johnson's testimony and that Allen's version of the events "defies common sense" and that it is "unlikely that [the incident] occurred the way the Defendant testified."  The magistrate judge also specifically found that Government Exhibit No. 2—the admission of which is not challenged on appeal—

5

more closely corroborated the testimony of Johnson than Allen.  Our review of the record in this case clearly indicates that the lower courts carefully reviewed the testimony and record in making their credibility determinations.  *See also Ramirez-Chilel*, 289 F.3d at 750 (dismissing the defendant's argument based on *Gallego* because, "after reading the magistrate judge's report and recommendation, it appears as if the magistrate judge did not base his credibility determination solely on the 'status' of the witnesses, but rather weighed the testimonies of all the witnesses, taking into account the interests of the witnesses, the consistencies or inconsistencies in their testimonies, and their demeanor on the stand").  Both Johnson and Allen testified before the magistrate judge, and the magistrate judge's—and the district court judge's—credibility findings are not unbelievable; accordingly, we "find the court's credibility determinations to be entitled to deference." *See id.*

## C.  Revocation of Supervised Release

Under 18 U.S.C. § 3583(e), a district court may revoke a term of supervised release and impose a term of imprisonment upon a defendant who violates the terms of his supervised release if the government proves such a violation by a preponderance of the evidence.  18 U.S.C. § 3583(e)(3).  Ordinarily, we review a district court's revocation of supervised release for abuse of discretion.  *Frazier*, 26 F.3d at 112.

6

Under Alabama law, theft of property by deception requires proof that: (1) the defendant knowingly obtained property; (2) he obtained the property by deception; and (3) he intended to deprive the owner of the property. *Ex Parte Stinson*, 631 So. 2d 831, 832 (Ala. 1991). Property includes both "money" and "tangible or intangible personal property." Ala. Code § 13A-8-1.

The evidence demonstrated that Johnson gave Allen money after they agreed that Allen would sell his car to Johnson. Allen then took the car and the money. Allen's actions are enough to show by a preponderance of the evidence that Allen intended to deprive Johnson of property by deception. The fact that Allen did not have clear title in his name and that the title had been pledged to Cash 2 Go as security for a loan further supports the conclusion that Allen intended to deprive Johnson of the property from the inception. Therefore, the government showed by a preponderance of evidence that Allen violated his supervised release by committing theft by deception, and the district court did not abuse its discretion in revoking Allen's supervised release based on that violation. Accordingly, we affirm.

AFFIRMED.