[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13445
Non-Argument Calendar

_____

D.C. Docket No. 9:19-cv-80757-WPD

MICHAEL SAMUELS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 1, 2020)

Before WILLIAM PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Michael Samuels, a Florida prisoner, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Samuels argues that he was entitled to an evidentiary hearing on his claim of ineffective assistance of trial counsel. We affirm.

We review the denial of an evidentiary hearing in a postconviction proceeding for abuse of discretion. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). Under that standard, we will not reverse unless the district court misapplied the law or made findings of fact that are clearly erroneous. *Id.* An evidentiary hearing is unnecessary unless it would "enable [a postconviction petitioner] to prove the petition's factual allegations, which, if true, would entitle [him] to federal habeas relief." *Crowe v. Hall*, 490 F.3d 840, 847 (11th Cir. 2007).

The district court did not abuse its discretion when it summarily denied Samuels's petition for a writ of habeas corpus. Samuels argues that the district court erroneously discredited his allegations that trial counsel failed to enforce a promise made off-the-record by the prosecutor to request a sentence of 138 months of imprisonment. *See Gallego v. United States*, 174 F.3d 1196, 1197–99 (11th Cir. 1999). But the district court determined that the record of Samuels's guilty plea proceedings established that he negotiated for his sentence of 180 months of imprisonment. Samuels acknowledged in his written plea agreement that he would be sentenced to 180 months of imprisonment. His agreement stated that "[n]o one

2

has made any promises or representations to me, other than those in the written plea agreement" to plead guilty and that "[t]he only promises or representations made to me are those listed in the plea agreement." During the change of plea hearing, the prosecutor stated that Samuels had agreed to serve 180 months of imprisonment, and Samuels confirmed that understanding of their agreement. Because the record affirmatively contradicted the allegations in Samuels's petition, Samuels was not entitled to an evidentiary hearing.

We **AFFIRM** the denial of Samuels's petition for a writ of habeas corpus.