07-14-00353-CR

## CERTIFICATE OF COMPLIANCE

PURSUANT OF PROPOSED RULE CERTIFIES THAT THIS MOTION ON REHEARING, COMPLIES WITH THE TYPE VOLUME LIMITATIONS OF TEX.R.APP.PROCEDURE9.4(e)(i) EXCLUSIVE THIS MOTION CONTAINS LESS THAN is less than 2,400 words. and is only seven pages long.

### certificate of service

I HEREBY CERTEFIE THAT THIS HAS BEEN PLACED IN TO THE LEGAL MAIL MOTION FOR REHEARING ONJULY 29.2015.ALSO THE MAIL ROOM SET ON THE MAIL I DID NOT GET THE OPION ON THE 17th of july as the attorney makes it appear

respectfully submitted

*Michael Ray Kennedy*

### ENCLOSED IS MOTION FOR REHEARING

DEAR CLERK OF APPEALS COURT .

I ASK THAT THIS MOTION FOR REHEARING IS FILED IN THE CORRECT COURT, AND THAT I RECEIVE NOTICE OF THE TIME STAMED AND FILED. THANK YOU FOR YOUR ATTENTION IN THIS BATTLE.

CORDIALLY.

*Michael R. Kennedy.*

FILED
AUG 04 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

*Rule 9.2(b)*

IN THE COURT OF APPEALS
SEVENTH DISTRICT OF TEXAS OF AMARILLO.
NO.07-14-00353-CR

FILED
AUG 04 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

Rule 9.2(b)

MICHAEL RAY KENNEDY. APPELLANT.
V.
THE STATE OF TEXAS . APPELLEE.

ON APPEAL FROM THE 108th DISTRICT COURT.

POTTER COUNTY, TEXAS

TRIAL COURT NO.67,789-E

HONORABLE DOUGLES WOODBURN,PRESIDING.
"MOTION FOR REHEARING" FROM
MEMORANDUM APPEALS COURT:
MEMORANDUM OPINION JULY 16,2015

TO THE HONORABLE APPEALS COURT:
NOW, COMES MICHAEL RAY KENNEDY APPEARING PRO-SE, FILES THIS,
MOTION FOR REHEARING:WITHIN 15 days OF THE DATE APPELLANT
RECEIVED THE MEMORANDUM OPINION FROMFWEEOWGG MAIL ROOM.
RECEIVED THE MEMORANDUM OPINION FROM THE TDCJ MAIL ROOM.
FOR GOOD CAUSE SHOWING THE FOLLOWING:

"REQUEST ORAL ARGUMENT"

CERTIFICATE OF SERVICE.
THIS MOTION FOR REHEARING WAS PLACED IN THE LEGAL MAIL
BOX ON      -      -2015, SEE CAMBEL V. STATE 320 S.W.3d 338,
,344(TEX.CRIM.APP.2010) PRO-SE deemed filed at time delivered
to prision authorities.

RESPECTFULLY.

*Michael Ray Kennedy*

TO THE HONORABLE JUDGE OF SAID COURT :
UNDER TEXAS RULES OF APPELLATE PROCEDURE TRAP 1. SCOPE OF RULES:
LOCAL RULES OF APPEALS1.2(c) Parts noncompliance.A court must not dismis
an appeal for noncompliance with a local rule witout giving noncomplying
party notice and a reasonable opportunity to cure the noncompliance.
[APPELLANT ASK THIS COURT TO BE ALLOWED TO CORRECT ANY ERROR IN
THIS MOTION THAT MAY ARISE.
THANK YOU.

## POINT OF ERROR NUMBER ONE.

ATTORNEY DONALD F. SCHOFIELD ATTORNEY FOR APPELLANT FILED A GR, OUNDLESS BRIEF SEE TRAP RULE,52.11 (a) fileing a petition that is clearly groundless.

HOHONORABLE JAMES T. CAMBELL JUSTICE IS EXZACTLE RIGHT OF THE SOLE ISSUE OF APPEAL.PREPAIRED BY MR.SCHOFIELD THE IMPEACHMENT EVIDENCE HE SOUGHT TO INTRODUCE IT WAS INSUFFICIENT TO MEET THE OFFER OF PROOF requirement of rule evidence 103 (3)(2) nothing is preseved for the appe, als court to review Tex. R. APP. P. 33.1. also see the dead bang winner on ineffective appellate counsel see.BOND V. US 1 F.3d 631.(Ca 7, 1993).

Failure of appeallant counsel to raise the ineffectiveness issue on dire, ct appeal may be that appellate counsel were themselves ineffective.

SEE.VELARDE V. UNITED STATES 972 F.2d 826,827 (7th cir 1992) for instance appellate counsel maybe "constitutionally" deficient in, [omitting a dead -bang winner even while,Zealously pressing, other strong (but Unsuccesfull claims).

SEE.PAGE V.[P635] UNITED STATES V. 884 F. 2d 800, 302,(7th cir 1989) THAT DEAD BANG WINNER "COULD BE THE ARGUMENT THAT TRIAL COUNSEL MADE errors so serious that his representation fell out side the wide range of professionally competent assistance.

STRICKLAND,104 S.CT.at 2066,466U.S 690,Ineffectiveness compounded by ineffectiveness in this way would leave motion as the only viable means for a defendant to seek relief from the errors of his trial lawyer.

Attorney filed no merit brief constitutes denial of counsel, SEE LOFTION V. WHITLEY,905 F. 2d 885(CA 5 1990)p.887 an accused is const, itutionally entitled to effective assistance of counsel on direct appeal as of right.

SEE.EVITTS V. LUCEY 469, US 387 105 S.CT 830,83L.ED 2d 821(1985) lofon contends that he was constructively denied assistance of counsel on appeal because his atttorney filed a brief which did not assert any arguable error and therefiore prejudce should be presumed

• failure of trial attorney to impeach witness held to support "IAC· S SEE:us. ex rel mc Call V. o grady 908 F.170(ca 171990) "defense counsel did not represent the defendant to the satisfaction of the sixth amendmant when counsel fails to pursue an impeaching,

Cross-Examination or present additional evidence that would in all reasonable probability cast a reasonable doubt on the testimony of the Government main identification witness."Mc 714 F. Supp at 379.

not chooseing to impeach vasquez and failing to be broached at trial. It is apparent the convictions of vasquez and monnett carried little or additional impeachment weight TEX.R. EVID 609(a).

The one sole issue at appeal was without merrit. And shows appeal attorney did not investigate the facts or law to the case a skilled appeal attorney should of known the Law" Motion in limine Whether granted or denied preserves nothing for appellate review. SEE.Griggs V. State 213 S.W.3d 923,926 n.1(Tx.Crim App2007) Facts that appeal attorney has barred for relief, [A] If issue could have been raised on direct appeal,relief will not be granted on a habeas application, [exparte Cruzata 220.S.W.3d 518(Tex.Crim App 2007]

[1]

APPEAL ATTORNEY SHOULD OF RAISED INEFFECTIVE ASSISATNCE IN THE MOTION for new trial SEE REYES V. STATE 849 S.W.2d 812,815 (TX CRIM APP 1993)

trial attorney should of impeached the witnesseven though it would of [EVEN THOUGH IT WOULD OF HAD KNOW DIFFERENT OUTCOME THAT IS UP TP THE APPEALS COURT TO DECIDE ATTORNEY DID NOT KNOW HOW THE APPEAL COURT WOULD RULE SEEU.S. EX REL.McCall V. O"Grady 908 F. 2d 170 (CA 7 1990)
Appellant ask this HONORABLE COURT TO REVERSE THE APPEAL BRIEF APPEAL ATTORNEY FILED AND ALLOW APPEALLANT TO FILE PRO_SE BRIEF.TO ADDRESS THE DUE-Process Errors and the Insufficient Evidence and Legally Insufficient evidence.
SEE.MYERS V. JOHNSON 76 F.3d 1330(CA 5 1996)right to submitt pro-se appe, llate brief SEE.Mc kaskle 465 US.at 178 104 S.CT at 951.Appellant wrote, appeal attorney asking him to allow him to amend the brief he filed beca use it had no merit to it there was noresponce from the attorney.

It is a right to have effective appellant counsel not just mere appointment of an attorney.the case that controls this is found in, SEE.EVITTS V. LUCEY 469 US.392.105 S.CT 830 83 L.ED 2d 821(1985)
It is shown by this respectfully.court appeallant attorney could not had read the record there was on one sole ground raised appeallant ask this court to reverse the appeal brief filed to be allowed to file pro-se brief on grounds that was objected to and some that wasent.both attorenys were ineffective.

REQUEST EVIDENTARY HEARING



APPELLANT COUNSEL WAS INNEFFECTIVE SEE.SMITH V. ROBBINS, 528 U.S. 259(2000)


Note:The reporter records are not attached or exhibits because TDCJ does not provide access to a copy machine.IN the states responce they mention the RR exzist..

PONIT OF ERROR NUMBER TWO.

:Trial attorney and appeallent attorney failed to investigate the case a a seized bullett failing to file motion for a expert to test the bullitt
   A Ballstics test not reviewed or preformed ballistics atomic, absorption test.
   An attorneys performance is deficient when it falls below an objective standard of reasonableness,under prevailing professional norms and according to the necessity of the case.ABA standards for criminal justice(2ded 1980) Id at 689.SEE frangias v. state 392 S.W.3d 642.653(Tx.Crim App (2013)
   An attorneys deficient performance prjudices probability that the outcome of the trial would have been different but for counsels deficiency
      See.Cox V. State 389,S.W.3d 817,819(Tex Crim APP2012) a reasonable probability has been defined as a probability sufficient to undermine confindence in the outcome.ID (Quoting Strickland.466US at 694)
                          DUTY TO INVESTIGATE
[DUTY TO INVESTIGATE]
   One necessary facet of professional assistance is the investigation of the facts and law applicable to a case.Counsel has a duty in every case
   to make a reasonable investigation or a reasonable decision that an
            investiagtion is unneccssary strickland 466,us at 691.
See.EX PARTE IMOUDA 284 S.W.3d 866,870 TX.CRIM APP.2009.

"When assessing the reasonableness of an attorneys investigation a revieing court must consider the QUANTUM OF EVIDENCE ALREADY KNOWN TO COUNSEL AND WHETHER THE KNOWN TO EVIDENCE WOULD LEAD A REASONABLE ATTORNEY TO INVESTIGATE FIRTHER.
      SEE.EXPARTE MARTINEZ 195 S.W.3d 713,721,(TEX.CRIM. APP 2006) the duty to investigate has been the prevailing norm for the forty years
      the aba has required defense and appeal atorneys to thoroughly
            Investigate the facts and circumstances.
      [EXPARTE DUFFY 607 S.W.2d 507(TX.CRIM APP 1980]
[Appeallant is restrained in his liberty by virtue referring to.
RR 2. P-153 Thru 156.and Exhibit 14-15-16-17-18.
      Which cannot be obtained.SEE TX Crim app.RULE(3)(b):C.C.P. ART 11.13.
RR 2 p-153 is discussing damage to the victims car.LN 20-22.A]due to the story that Ms.Monnet gave i beleived it to be a entry hole to .,from a bullit from a gun.RR 2 P.154 Exhibit 16. Is that the bulliet next to the entry hole.YES once i removed it i got a photo of the bullit Exhibit 17.
      Attorney Approches the wittness[RR 2 155] LN.1-2 Q Okay how do you know that this is the same bullit you retrieved that day exhibit 18.

      Attorney allowed officer wheeler without any objection to testefie on scientific EVIDENCE PG 155 Ln 22-23-24. Are you professionally familiar, with firearms.and ammunition.LN25 I"am familiar with them.
      PG 156.The offocer claims the round collected isa 380. without any testing are proof. by an expert.This is speculation no fact to support and violates Tex RULE 702 the proponent must persuade the trial court by clear and convincing evidence that the evidence is reliable and therefore relevent.Attorney failed to file or investigate thebullit or object to the introduction of the exhibits or file a motion to qualify experts and conduct gate keeper hearing.SEE.KELLY V. STATE 824 S.W.2d 568 (TEX CRIM, APP, 1992 ) alsoHartman V. State 946 S.W.2d60(tex Crim app1997) also Daubert v. Merrell Dow Pharmaceuticals.Inc.
509 US. 579.594.113.S.CT.2786,125 L.ED 2d 469(1993)
TX.rules OF EVIDENCE 104(a)&(c) and rule702.

3

There was no ballistics atomic absorption test conducted violating CHATOM V. WHITE 858 F.2d 1479.SEE Barbee V. Warden Maryland Penitentiary 331 F. 2d 842(1964)

The round found as listed in Exhibit14-15-16-17-18.of a bullit pursuant to artical 11.073 of The Texas Code of Criminal Procedure , Appellant requeats that all available evidence be submitted for scientific testing of the slugg ie. round bullit found.also any material faberic found on the car seat appellant is innocent of fireing a weapon the sluggs was already there before all of this occured and the proper test will prove corrosive texture was already there proving the bullit was not fired, on the day the court used the exhibits and the day the bullit was found in a head rest of a car.

APPELLANT IS INNOCENT OF FIREING A WEAPON THE SLUGG WAS ALREDY, THERE BEFORE ALL OF THIS OCCURED AND THE PROPER TEST WILL PROVE CORROSIVE TEXTURE SHOWING HOWLONG THIS SLUGG WAS THERE IT REALLY DOES NOT MATTER OF THE SIZE OF CALIBUR AT THIS TIME BECAUSE THE STATE HAS NO WEAPON AND THE APPEALLANT STATED HE HAD NO WEAPON. THE POINT IS HOW LONG WAS THE SLUGG IN THE CAR REST,UNDER 11.073 article applies to any relevent scientific evidence.without this test.

IT WOULD "SHOCK THE CONSCIENCE" BEING CONVICTED ON THE BASIS OF, EVIDENCE OBTAINED BY MEANS THAT SHOCKS THE CONSCIENCE... SEE.ROCHIN V. CALIFORNIA,342 U.S 165 (1952).
•

•The bullit was speculation of the calibur but the main factor is the testimony leed the jury to beleave the bullit was fired when the wind, shield was knocked out of the car the intire testimony was allowed to be given leeding a false impression that a gun was present and it was fired.

THE evidence presented was INSUFFICIENT the convistion was obtained result of evidence that is insufficient to persuade a properly instructed, reasonable jury of his guilt beyond a reasonable doubt.

SEE.JACKSON V. VIRGINIA 443 US 307 (1997)Appeallant attorney should of filed this point of error because it will prove appellant did not fire no weapon.ie the bullit had to alraedy be there.THIS is false evidence used to convict MILLER V. PATE 386 U.S. 1(1967).
under 11.073 AND HOUSE V. BELL 126 S,CT 2064(2006)testing undermines the prosecution theory of the case.Rather biolgical evidence or nitrate gun powder evidence is used to convict it is subject to testing to prove innocence of fireing a weapon.just because a slugg was found does not mean the defendant fired the weapon see.MATHEWS V. ELDRIDGE 424 US.319, (1976)

TEX CODE CRIM PROC. ANN ART 11.073 stated that reasonable diligence suggest at least some kind of inquiry has been made into the matter at issue EX PARTE SLEDGE 391 S.W.3d 791,794,(Tex CRIM APP.2013) The Intention. behind article 11.073 is to create a legal avenue for innocent defendants convicted on based on false and discredited forensic testimony, (citing Exparte Lemke 13 S.w.3d 791,794(tex crim app 2000)

according to the nationalinstitute of justice nitrite residue testing or corrosion are not visible testing of this bullit will show it was there for a longer period of time than what the court leed the jury to beleave, and will show deffendant did not fire a weapon,

Artical 11.073 offers a vehicle for an appellant to ensure insure they received a fair trial as well as a valid conviction

4

SEE EXPARTE GUUTIERREZ 337 S.W.3d 883,893 (Tx Crim. App 2011)
   Trial counsel and appeallant counsel failed to retain services of fi
              forensic expert SEE.SIMS V. LIVESAY 970 F.2d 1575,
APPEALLANT PRAYS A HEARING BE CONDUCTED UNDER THIS MOTION TO TEST BULLIT
   FOUND  IT IS A STRONG PIEACE OF THE EVIDENCE THAT WILL PROVE APPEALLANT
Is innocent of fireing a weapon the bullit is old of nature a test will
prove there was bad lawyering and false testimony the witness who
testefied a gun was fired would not go in there favor because defendant
did not have or fire a weapon.

   APPPEALLANTS ATTORNEYS ARE INEFFECTIVE FOR FAILING TO TEST THE BULLIT
THE OUTCOME OF THE CASE WOULD HAVE BEEN DIFFERENT APPELLANT PRAYS FOR TE
            TESTING AND RELEIF TO FILE HIS OWN PRO SE BRIEF.
THE FAILUR TO BE ALLOWED TO FILE A BRIEF THAT HAS MERIT WOULD DENIE
THE RIGHT TO REPRESENT HIMSELF EVEN THOUGH APPEALLANT COUNSEL WAS
APPOINTED SEE.FARETTA V. CALIFORNIA 422 U.S.806(1975).


OTHER SERIOUS FACTORS ARE IN THE INDEX CAUSE NUMBER67789-E,

* NOTICE OF POTENTIAL BRADY MATERIAL PG 44.
* SECOND NOTICE OF POTENTIAL BRADY MATERIAL PG,41.
* THIRD NOTICE OF POTENTIAL BRADY MATERIAL PG 51.
         [APPEAL ATTORNEY INVESTIAGTED NONE OF THE BRADY MATERIAL]

      claims of ineffective assistance of counsel frequently requires,
an evidentiary hearing.WHERE there ia a dispute the client and attorney
   over what occured the trial court is requird  to make a credibility
        determination that can best be made after a live hearing.
SEE.Gallego V. United States 174 F.3d 1196(11th Cir.1999)is,
particularly instructive on the question of judgeing credibility when
counsel and the client disagree on factual questions.

   Both attorneys have violated and hindered  the right to preserve
            further appeallant grounds a myriad of other rights,
AS justice sutherland exsplained in Powell V. Alabama 287 U.S.45.53 S.CT
55,77 L.Ed.158 (1932)"right to the effective assistance of counsel
.SEE.McMann V. Richardson 397,U.S.759,771,n.14,90 S.CT 1441,1449,25L.Ed.
2d 763(1970)
   THE INTEGRITY OF OUR  CRIMINAL JUSTICE SYSTEM AND THE FAIRNESS OF THE
AND THE FAIRNESS OF THE ADVERSARY CRIMINAL PROCESS IS ASSURED ONLY IF AN
   ACCUSED IS REPRESENTED BY AN EFFECTIVE ATTORNEY.SEE UNITED STATES V.
      MORRISON 449,U.S.361,364,101 S,CT.665,667,66L.Ed.2d 564(1981)
Absent the effective assistance of counsel  "aserious  risk of injustice
         infects the trial itself.'cuyler v. sullivan 446 U.S 335,343

the bullit and brady material is far more inportant than some bad check
or soem form to impeach some wittnes that has  aprior conviction,
ALSO THERE IS PROOF THAT THE RIGHT TO PRESENT A DEFENSE VIOLATING
CHAMBERS V. MISSISSIPPI 410,U.S 284 (1073)the Identification suggestive
the attorneys allowed this to violate SEE.NEIL V. BIGGERS 409 U.S.188,
(1972) Manson V. Brathwaite 432 U.S 98 (1977)

APPELLANT REQUEST THE RIGHT TO HAVE THE BULLIT TESTED TO SEE HOW OLD
THE SLUGG WAS. AND THE RIGHT TO FILE A PRO-SE BRIEF .
   THANK YOU FOR READING MY ARGUMENT.
                              RESPECTFULLY SUBMITTED.

                              *Michael Ray Kennedy*

michael ray kennedy
tdcj no.1968578
stevenson unit
1525 fm 766
Cuero,Texas
     77954

CORPUS CHRISTI
TX 784 1 L
31 JUL 2015 PM



"LEGAL MAIL"

COURT OF APPEALS
SEVENTH DISTRICT OF TEXAS
POTTER COUNTY COURTS BUILDING
501 S.FILLMORE,SUITE 2-A
AMARILLO,TEXAS
     79101



79101+2449