**Ex Parte Barry Sheene
BYARS, Applicant.**

No. AP–75293.

Court of Criminal Appeals of Texas.

Nov. 9, 2005.

Bruce N. Smith, Beaumont, for Appellant.

Wayln G. Thompson, Asst. District Atty., Beaumont, Matthew Paul, State's Atty., Austin, for State.

### *OPINION*

PER CURIAM.

This is an application for a writ of habeas corpus that was transmitted to this Court by the clerk of the trial court pursuant to the provisions of Texas Code of Criminal Procedure, Article 11.07. *Ex parte Young*, 418 S.W.2d 824, 824 (Tex. Crim.App.1967). Applicant was convicted of the first degree felony offense of injury to a child. Following the trial court's decision to revoke his community supervision and finally adjudicate him guilty, Applicant was sentenced to imprisonment for ten years. Applicant did not perfect an appeal.

In the instant application, Applicant contends that newly discovered evidence specifically, the complainant's recantation of the allegation made against Applicant, unquestionably establish that he is actually innocent of the instant offense.

Following a live evidentiary hearing, the trial court has found that Applicant "has shown by clear and convincing evidence that no reasonable juror would convict him in light of the newly discovered evidence of actual innocence...." After a review of the record, we find that the trial court's determination is supported by the record, and find that Applicant is entitled to habeas corpus relief. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex.Crim.App.1996). The judgment in cause number 91788 from the Criminal Judicial District Court of Jefferson County, Texas, is vacated. Applicant is remanded to the custody of the Sheriff of Jefferson County to answer to the indictment.

A copy of this opinion shall be sent to the Texas Department of Criminal Justice, Correctional Institutions Division.

KELLER, P.J. filed a concurring opinion, in which HERVEY, J. and COCHRAN, J. joined.

KELLER, P.J. filed a concurring opinion, in which HERVEY, J. and COCHRAN, J. joined.

The Confrontation Clause reflects a judgment about how the reliability of testimony can best be determined.[1] The Clause commands that reliability be assessed by testing in the crucible of cross-examination.[2] That judgment is valid regardless of the circumstance that the Confrontation Clause does not apply to the State.

The habeas court in this case examined the witness *in camera*, with a court reporter present, but in the absence of the prosecuting attorney and of the defense attorney. The State did not object to the procedure. Perhaps the habeas court wanted to protect the witness from unnecessary distress—which is an admirable and understandable goal. But adversarial testing is the constitutionally prescribed method of assessing reliability, and it "beats and bolts out the Truth much better"[3] than the procedure used here.

So the Court overturns an error-free conviction on the basis of testimony that was not subjected to cross-examination. I concur in the Court's judgment because the trial court's findings are supported by the record, but my confidence in the outcome would have been higher had the recanting witness been cross-examined by the State.

1. *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 1370, 158 L.Ed.2d 177 (2004).

2. *Id.*

3. *Id.* citing M. Hale, History and Analysis of the Common Law of England 258 (1713).