WR-81,718-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/20/2015 2:49:04 PM
Accepted 4/20/2015 4:33:27 PM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
4/20/2015
ABEL ACOSTA, CLERK

EX PARTE

§
§
§    NO. WR-81,718-01
§
DAVID LEN MOULTON    §

**APPLICANT'S REQUEST FOR REMAND
FOR EVIDENTIARY HEARING**

**TO THE HONORABLE JUDGES OF SAID COURT:**

**NOW COMES** the Applicant, DAVID LEN MOULTON, and submits this Request for Remand for Evidentiary Hearing and would show the following:

I.

On December 11, 2014, the Court of Criminal Appeals issued an order remanding this case to the trial court to engage in fact gathering. The court's order stated that, "the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §3(d)." The Court order also stated:

> "This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order."

II.

Following the issuance of this order, Applicant filed, in the trial court, "Applicant's Request For An Evidentiary Hearing" (copy attached). In response to this motion, the trial court, on January 23, 2014, issued an "Order Denying Applicant's Request For An

Applicant's Request for Remand for Evidentiary Hearing - Page 1

Evidentiary Hearing and Order on Attorney Affidavit." In this order, the trial court directed that trial counsel submit an affidavit in response to the allegations raised in the writ application. Trial counsel's affidavit was due within 30 days of the trial court's order, which made the affidavit due February 22, 2015.

III.

As of this date, nothing further has occurred on this case. Trial counsel has not filed an affidavit, the trial court has not gathered any evidence or made the findings ordered by the Court of Criminal Appeals. The deadline for all of these actions has now passed.

IV.

Based on the facts set out herein, Applicant requests that the Court issue an order directing that the district court hold an full evidentiary hearing on this writ application.

WHEREFORE, PREMISES CONSIDERED, Applicant requests that the Court issue this order.

Respectfully submitted,

/s/ Gary A. Udashen
GARY A. UDASHEN
Bar Card No. 20369590
gau@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
214-468-8100
214-468-8104 fax

Attorney for Applicant

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Applicant's Request For Remand for Evidentiary Hearing was forwarded to the Cass County District Attorney's Office, P. O. Box 839, Linden, Texas 75563, on this the 20th day of April, 2015.

/s/ Gary A. Udashen
GARY A. UDASHEN

| EX PARTE | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| | § | 5TH JUDICIAL DISTRICT |
| | § | |
| DAVID LEN MOULTON | § | CASS COUNTY TEXAS |

## APPLICANT'S REQUEST FOR AN EVIDENTIARY HEARING

### TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES the Applicant, DAVID LEN MOULTON, and submits this request

for an evidentiary hearing on this Application and would show the Court the following:

I.

On December 17, 2014, the Court of Criminal Appeals ordered this court to gather

additional facts in order to resolve the factual issues raised in this case. A copy of the

Court's order is attached. In the court's order, the trial court is authorized to use any means

set out in Tex. Code Crim. Proc. art. 11.07, Sect. 3(d) to resolve these factual issues. One

of the means set out in this provision is to hold an evidentiary hearing. Applicant requests

that the court set this matter for a hearing.

II.

A live evidentiary hearing is the best way for the court to resolve disputed factual

issues. This was recognized as true by Presiding Judge Keller in her concurring opinion in

*Ex Parte Byars*, 176 S.W.3d 841 (Tex. Crim. App. 2005). In *Byars*, Judge Keller stated:

> "The Confrontation Clause reflects a judgment about how the reliability of
> testimony can best be determined. The Clause commands that reliability be
> assessed by testing in the crucible of cross-examination. That judgment is

valid regardless of the circumstance that the Confrontation Clause does not apply to the State.

. . . adversarial testing is the constitutionally prescribed method of assessing reliability, and it 'beats and bolts out the Truth much better' than the procedure used here."

For these reasons, Applicant prays that the court will set this Application for an evidentiary hearing.

Respectfully submitted,

GARY A. UDASHEN
Bar Card No. 20369590

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
214-468-8100
214-468-8104 fax

Attorney for Applicant

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Applicant's Request For An Evidentiary Hearing was mailed to the Cass County District Attorney's Office, P. O. Box 839, Linden, Texas 75563, on this the ___ day of January, 2015.

GARY A. UDASHEN



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-81,718-01

### EX PARTE DAVID LEN MOULTON, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2008F00339-A IN THE 5TH DISTRICT COURT
## FROM CASS COUNTY

*Per curiam.*

### ORDER

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty years' imprisonment. The Sixth Court of Appeals reversed the judgment of conviction. *Moulton v. State*, 360 S.W.3d 540 (Tex. App.—Texarkana 2011). We reversed the judgment of the court of appeals. *Moulton v. State*, 395 S.W.3d 804 (Tex. Crim. App. 2013).

Applicant now contends, among other things, that trial counsel failed to object on Confrontation Clause grounds when affidavits the medical examiner relied on were read to the jury, request a limiting instruction after the affidavits were read to the jury, and request a continuance after

the State disclosed the affidavits during trial. The trial court made findings of fact and conclusions of law and recommended that we deny relief. We believe that the record is no adequate to resolve Applicant's claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the above claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall determine whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.

Filed: December 17, 2014
Do not publish

FILED FOR RECORD
CASS COUNTY, TEXAS

2015 JAN 23 PM 11: 13

*EX PARTE*                              §                IN THE 5th DISTRICT COURT
                                        §
                                        §                JAMIE ALBERTSON
                                        §                DISTRICT CLERK
                                        §
                                        §                BY_____DEPUTY
                                        §
**DAVID LEN MOULTON**                   §                CASS COUNTY, TEXAS

## ORDER DENYING APPLICANT'S REQUEST FOR AN EVIDENTIARY HEARING
### AND
## ORDER ON ATTORNEY AFFIDAVIT

Following a jury trial, Applicant was convicted of murder and sentenced to sixty years in

the Texas Department of Criminal Justice – Institutional Division. The Sixth Court of Appeals

reversed the judgment of conviction. *Moulton v. State*, 360 S.W.3d 540 (Tex. App. – Texarkana

2011). However, the Texas Court of Criminal Appeals reversed the judgment of the appellate

court. *Moulton v. State*, 395 S.W.3d 804 (Tex. Crim. App. 2013).

Following the entry of the Court of Criminal Appeals' judgment, Applicant filed an

Application for Writ of Habeas Corpus. In his application, Applicant argued, among other

things, that he was denied effective assistance of counsel. Specifically, Applicant argued that his

trial counsel was ineffective because he: (1) failed to object on Confrontation Clause grounds

when affidavits the medical examiner relied upon were read to the jury; (2) failed to request a

limiting instruction after the affidavits were read to the jury; and (3) failed to request a

continuance after the State disclosed the affidavits during trial.

In response to Applicant's application, the trial court made findings of fact and

conclusions of law recommending that the Court of Criminal Appeals deny Applicant's

requested relief. On or about December 17, 2014, the Court of Criminal Appeals issued an order

stating that it believed the record was not adequate to resolve Applicant's ineffective assistance

of counsel claims. To obtain habeas corpus relief for ineffective assistance of counsel under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), an applicant must show that counsel's performance "was deficient and that a probability exists, sufficient to undermine our confidence in the result, that the outcome would have been different but for counsel's deficient performance." *Ex parte White*, 160 S.W.3d 46, 49 (Tex. Crim. App. 2004). Counsel's performance is deficient if it is shown to have fallen below an objective standard of reasonableness. *Id.* at 51; *Strickland*, 466 U.S. at 687-88.

In order to assist the trial court in meeting its duties, counsel must be permitted to address the allegations set forth above. Pursuant to the foregoing, it is hereby

**ORDERED** that counsel for Applicant herein shall submit an affidavit which discusses the foregoing allegations raised by Applicant concerning his representation at trial. It is further

**ORDERED** that the Clerk of the Court shall furnish a copy of the Applicant's application to counsel, who shall respond to this Order within thirty (30) days from the date of the entry of this Order. It is further

**ORDERED** that Applicant's Motion for an Evidentiary Hearing is **DENIED**. Upon receipt and review of trial counsel's affidavit, the trial court shall determine if an evidentiary hearing is necessary. In the event the trial court determines that a hearing is necessary, the appropriate notices will be filed and sent to all parties in a timely manner.

SO ORDERED this _23ʳᵈ_ day of January, 2015.

_____
DISTRICT JUDGE