WR-83,575-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/16/2015 3:44:28 PM
Accepted 7/17/2015 8:11:54 AM
ABEL ACOSTA
CLERK

WR-83,575-01
W401-80045-08-HC

| | | |
|---|---|---|
| EX PARTE | § | IN THE COURT OF |
| | § | |
| | § | CRIMINAL APPEALS |
| | § | |
| CHARLES ATTERBURY | § | OF TEXAS |

RECEIVED
IN THE COURT OF CRIMINAL APPEALS
7/17/2015
ABEL ACOSTA, CLERK

### OBJECTIONS TO THE TRIAL COURT'S ORDER ON ATTERBURY'S APPLICATION FOR A WRIT OF HABEAS CORPUS

In Atterbury's Application for a Writ of Habeas Corpus, he argued that (1) his guilty pleas were not entered knowingly, voluntarily, or intelligently, because his counsel failed to inform him he had a defense to the charges; (2) his counsel was ineffective in failing to investigate and learn as much; and (3) his counsel was ineffective in failing to file a motion to recuse the biased judge who presided over the State's motion to revoke Atterbury's probation. (Memo at 2-3).

In recommending to this Court that it deny Atterbury's application, the district court found (1 & 2) counsel *did* inform Atterbury that the State had a "weak case"; and (3) there is no evidence the judge was in fact biased. (Order at 2-4). But characterizing the State's case as weak is not the same as alerting Atterbury he had a total defense to all charges. And the record clearly reflects the trial court's biases. Accordingly, Atterbury objects to the district court's order.

## I. A "weak case" is not "no case"

### a. Counsel's advice was incorrect

As to Atterbury's claims that his guilty pleas were not entered knowingly, voluntarily, or intelligently because his counsel failed to inform him he had a

1

defense to the charges, and that his counsel was ineffective in failing to investigate and learn as much, the district court initially noted, bizarrely, that "Applicant has not specified what his defense to the allegations was." (Order at 2). But the remainder of the court's order very clearly indicates it understood the defense: that the State could not use Atterbury's confession, alone, to convict him. *See* (Order at 1-3).

Indeed, that is the failure Atterbury faulted. The court dismissed it, however, because "[c]ounsel did advise Applicant that the State's case was weak." (Order at 2). Advising that the State's case is weak is entirely different from advising that the State's case is hopeless, though. And that was just the case here. As noted in Atterbury's original memorandum, the only evidence of any offense came from Atterbury's own statement. (Memo at 10). And an extra-judicial confession is insufficient to support a conviction absent corroboration. *See, e.g., Chambers v. State*, 866 S.W.2d 9, 15 (Tex. Crim. App. 1993); *Self v. State*, 513 S.W.2d 832, 837 (Tex. Crim. App. 1974). The district court notes that counsel believed evidence of the complainant's "bed wetting and sexual behavior" could have been "used to corroborate Applicant's confession." (Order at 1). But under the corpus delicti rule, there must be "some evidence [ ] outside of the extra-judicial confession which, considered alone or in connection with the confession, *shows that the crime actually occurred.*" *Salazar v. State*, 86 S.W.3d 640, 645 (Tex.Crim.App.2002) (emphasis added). And the complainant's bed-wetting and sexual behavior is hardly evidence of as much; it could be evidence of myriad things, or nothing. Counsel's advice that

the State's case was "weak," then, entirely failed to convey the reality: the State's case was non-existent.

For the same reason, the district court's secondary conclusion—that Atterbury also failed to prove "by a preponderance of the evidence that he would not have pleaded guilty but for counsel's advice"—is meritless. (Order at 2). As to that conclusion, the district court noted Atterbury insisted on pleading guilty despite counsel's advice that the State's case was weak. (Order at 2-3). But, again, that is just the point—Atterbury insisted upon as much because counsel informed him only that the State's case was weak, not that it was non-existent. Accordingly, because the entirety of the district court's conclusions as to Atterbury's first and second grounds are without merit, for all those reasons urged in his original application and memo Atterbury respectfully requests this Court to reject the district court's recommendation and to grant him relief.

### b. Even if counsel's advice was correct, whether he in fact advised as much can only be determined after a hearing

Even if this Court were to find that counsel's advice were close enough to the truth, though, it should not, as the district court did, reject Atterbury's application based on counsel's affidavit alone. For, whether counsel in fact informed Atterbury that the State had a weak case is a credibility determination, presenting an "in court" issue for the finder of fact. In a case that turns on issues of credibility, it is inappropriate to resolve controverted facts without an evidentiary hearing where witnesses are subject to cross-examination.

3

This Court has recognized this before. In *Ex parte Byars,* 176 S.W.3d 841 (Tex. Crim. App. 2005), Presiding Judge Keller noted that the most effective way of determining the reliability of witness testimony is through the "crucible of cross-examination." *Id.* at 842 (concurring opinion). Similarly, Judge Cochran explained for the Court in *Charles v. State,* 146 S.W.3d 204 (Tex. Crim. App. 2004):

> Affidavits . . . are widely and appropriately used in criminal and civil proceedings to determine if there are material disputed facts and to define exactly which facts are disputed. They are not always well-suited for resolving disputed facts.

*Id.* at 210 (footnotes omitted).

Accordingly, in this case, the district court should not have decided that Atterbury's attorney's affidavit resolved all the factual issues. Nor should the court's decision have been based merely on the fact that counsel was "well known to the court." *See* (Order at 1). This is an inappropriate way to make a credibility determination. *Gallego v. United States,* 174 F.3d 1196 (11th Cir. 1999), is particularly instructive on this issue. In *Gallego,* the United States Court of Appeals for the Eleventh Circuit stated:

> It is perfectly legitimate for the district court to find, based on all the evidence in the record, that a defendant's testimony about his participation in a drug scheme is not credible. The magistrate judge here, however, based the decision on the fact that the defendant's allegations were unsubstantiated and incorrectly found as a matter of law that defendant could not carry his burden without presenting some evidence in addition to his own word, which is contrary to that of counsel's. The magistrate says nothing about the internal consistency of the defendant's testimony, or his candor or demeanor on the stand. Indeed, the magistrate does not even state simply why the defendant's lawyer is the more credible witness in this case. There is nothing in the report to indicate the magistrate weighed defendant's credibility. *Compare United States v. Camacho,* 49 F.3d 349 (11th Cir. 1994) (court

4

made specific findings of fact after an evidentiary hearing regarding defendant's credibility), *cert. denied*, 514 U.S. 1090, 115 S.Ct. 1810, 131 L.Ed.2d 735 (1995). The fact that defendant's testimony is uncorroborated is not enough standing alone to support a credibility finding. Counsel's testimony was also unsubstantiated by other evidence.

While we appreciate the concerns enunciated in *Underwood*, we cannot adopt a per se "credit counsel in case of conflict rule," which allows that in any case where the issue comes down to the "bare bones testimony" of the defendant against the contradictory testimony of counsel, defendant is going to lose every time. We therefore remand for a new evidentiary hearing. Because of the intervening death of District Judge C. Clyde Atkins, the case will necessarily come before a different district judge. We suggest that in view of the nature of the case, if the matter is referred to a magistrate, it be sent to a different magistrate judge.

*Id*. at 1198-99.

Valid judgments about credibility cannot be made from a review of a paper record alone. Thus, even if counsel's advice was accurate, the district court should have ordered a live evidentiary hearing to resolve whether he in fact advised Atterbury of as much. *See, e.g., Perillo v. Johnson,* 79 F.3d 441, 444 (5th Cir. 1996) (petitioner entitled to discovery when there is factual dispute which, if resolved in petitioner's favor, would entitle petitioner to relief, and the State has not afforded petitioner a full and fair evidentiary hearing). Accordingly, on this basis, too, Atterbury objects to the district court's order and requests this Court to reject its recommendation.

## II.    The record clearly reflects the trial court's biases.

As to Atterbury's third claim of ineffective assistance of counsel, the district court concluded there is no evidence the judge was in fact biased. (Order at 4). As to

5

this ground, Atterbury relies on his arguments in his original memorandum to show that his counsel was ineffective in failing to file a motion to recuse the biased judge who presided over the State's motion to revoke Atterbury's probation. Thus, as to this ground, as well, Atterbury objects to the district court's order and requests this Court to reject its recommendation.

## III. Conclusion

For these reasons, and all those urged in Atterbury's original memorandum in support of his application for a writ of habeas corpus, and in his reply to the State's response to that memorandum, Atterbury objects to the district court's order, respectfully requests this Court to reject the district court's recommendation, and to find that that his convictions for aggravated sexual assault of a child and indecency with a child illegally confine and restrain him of his liberty. *See* TEX. PEN. CODE §§ 21.11 & 22.021. His convictions were had only upon an involuntary plea and the ineffective assistance of his counsel. This Court should thus issue the Writ of Habeas Corpus,, set aside his convictions, and remand the case for a new trial. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 694, (1984).

Respectfully submitted,

_/s/ Bruce Anton_
BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com

6

/s/ Brett Ordiway

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road, Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Counsel for Applicant*

**Certificate of Service**

I, the undersigned, hereby certify that a true and correct copy of the foregoing Objections to the Trial Court's Order on Atterbury's Application for a Writ of Habeas Corpus was mailed to the Collin County District Attorney's Office and the 401st Judicial District Court of Collin County on July 16, 2015.


_____/s/ Bruce Anton_____
Bruce Anton