WR-81,718-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/12/2015 9:44:07 AM
Accepted 8/12/2015 10:05:44 AM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
8/12/2015
ABEL ACOSTA, CLERK

EX PARTE                          §
                                  §
                                  §     NO. WR-81,718-01
                                  §
DAVID LEN MOULTON                 §


WRIT NO. 2008F00339-A
TRIAL COURT NO. 2008F00339

EX PARTE                   §     IN THE DISTRICT COURT
                           §
                           §     5TH JUDICIAL DISTRICT
                           §
DAVID LEN MOULTON          §     CASS COUNTY TEXAS


**APPLICANT'S OBJECTIONS TO SECOND MEMORANDUM ORDER
RECOMMENDING DENIAL OF REQUEST FOR POST-CONVICTION
RELIEF UNDER ART. 11.07, CODE OF CRIMINAL PROCEDURE**


**TO THE HONORABLE JUDGES OF SAID COURT:**

**NOW COMES** the Applicant, DAVID LEN MOULTON, and submits these

Objections to Second Memorandum Order Recommending Denial of Request for Post-

Conviction Relief Under Art. 11.07, Code of Criminal Procedure and would show the Court

the following:

I.

Applicant incorporates and reurges all of his previous objections and arguments.

II.

Additionally, Applicant objects to the failure of the trial court to hold an evidentiary hearing on this case. The trial court received and accepted an affidavit from trial counsel. The second set of findings from the trial court are based entirely on trial counsel's affidavit. However, the assertions in trial counsel's affidavit have not been subjected to cross-examination and, thus, the trial court cannot legitimately base a decision on that affidavit. Moreover, trial counsel's affidavit is internally inconsistent and fails to set out a legitimate basis for the acts and omissions alleged to have constituted ineffective assistance of counsel.

A live evidentiary hearing is the best way for the court to resolve disputed factual issues. This was recognized as true by Presiding Judge Keller in her concurring opinion in *Ex Parte Byars*, 176 S.W.3d 841 (Tex. Crim. App. 2005). In *Byars*, Judge Keller stated:

> "The Confrontation Clause reflects a judgment about how the reliability of testimony can best be determined. The Clause commands that reliability be assessed by testing in the crucible of cross-examination. That judgment is valid regardless of the circumstance that the Confrontation Clause does not apply to the State.
> ... adversarial testing is the constitutionally prescribed method of assessing reliability, and it 'beats and bolts out the Truth much better' than the procedure used here."

For these reasons, Applicant objects to the failure of the court to hold a hearing.

III.

Additionally, Applicant would point out that trial counsel's affidavit is subject to challenge in the following ways:

**1.      Failure to Make Crawford Objection on Statement Read to the Jury.**

This is the point on which trial counsel's affidavit most clearly fails to provide a basis

Applicant's Objections to Second Memorandum Order Recommending Denial of Request for Post-Conviction Relief
Under Art. 11.07, Code of Criminal Procedure - Page 2

to deny the Applicant's ineffective assistance claim.

The state was allowed to have written statements from witnesses read to the jury when these witnesses did not testify. These were highly damaging statements that clearly influenced the jury against Applicant. It is clear that objections based on the Confrontation Clause of the United States Constitution and *Crawford v. Washington*, 541 U.S. 36 (2004) would have been well taken. They would have either resulted in the exclusion of this evidence or a reversal on appeal. Trial counsel failed to make this objection, although he made other objections to this evidence. Nevertheless, trial counsel states that, "*Crawford* objection, if sustained, basically means that the witnesses may, and in my judgment, very likely would have been brought forward to testify live at trial." (Affidavit, p. 3). Counsel also state that he made a strategic decision not to make a *Crawford* objection. (Affidavit, p. 4). Essentially, counsel is stating that he made a strategic decision to not make an objection that would have excluded this very damaging evidence, because to do so would have resulted in the witnesses testifying live. Rather than resolve the issues, trial counsel's affidavit is a further demonstration that a hearing is absolutely necessary. In fact, the affidavit of trial counsel raises several questions that can only be resolved in a live evidentiary hearing where counsel can be asked questions about the statements in the affidavit. These questions are:

1.      Why did trial counsel make objections based on hearsay and T. R. Evid. 402, 403 and 404 if he actually did not want these statements excluded from evidence?

2.      If trial counsel's strategy was to allow these statements into evidence in order to avoid the prosecution calling these witnesses to testify, then why did he make any objection to their

admissibility?

3.      Is trial counsel stating that he considered a confrontation objection and decided not to make it because he thought that objection would have been sustained and the statements excluded?

4.      Did trial counsel have some specific knowledge or information that the witnesses whose statements were being read to the jury in violation of the confrontation clause were available to testify?  Were they at the courthouse or even in the county?

5.      If the state had these witnesses available to testify, then why did they read their statements to the jury rather than call them to testify?

6.      Were these witnesses really available to testify?

Accepting trial counsels' affidavit as a sufficient recitation of the ineffective assistance claim on this point is an adoption of trial counsel's internally inconsistent explanation.  This is certainly not a reasonable basis on which to resolve this issue.

Nevertheless, if the Court of Criminal Appeals chooses not to order an evidentiary hearing, and rather to decide this question based on the paper record, the result should be the granting of relief.  The Court of Appeals' opinion correctly noted that these statements were inadmissible under *Crawford* and the Confrontation Clause.  Trial counsel failed to make this objection.  The harm from the admission of this evidence is obvious.  Trial counsel's attempt to justify the failure to object based on a trial strategy reason does not withstand the slightest scrutiny.  Thus, based on this record, writ relief should be granted.

**2. Failure to Request Limiting Instruction Under T. R. Evid. 705(d) Concerning Use of Affidavit Testimony.**

Trial counsel states in his affidavit that a limiting instruction may not have been proper since the trial court ruled that the defense had opened the door to the reading of these statements. He also stated that limiting instruction "can have the opposite effect by (1) either being misunderstood or even ignored by the jury and (2) by calling additional attention to matters the defense would prefer the jury not focus on." (Affidavit, p. 5).

These statements in the affidavit should be subject to cross-examination. Specifically, counsel should be asked:

1. Since these statements were not direct evidence as to the offense on trial, is it not true that they were admitted only for a limited purpose, thus making a limiting instruction appropriate?

2. In what way would a jury misunderstand a limiting instruction?

3. Does counsel always forego limiting instructions for the reasons set out in this affidavit?

4. Is it not true that without a limiting instruction, the jury was free to consider these statements for any purpose, and that was harmful to the defense?

**3. Failure to Request a Continuance**

Defense counsel's affidavit states that he did not request a continuance after he received exculpatory documents during trial because no additional time was necessary to deal with this information. (Affidavit, p. 6). Counsel should be cross-examined about what he did in order to address these documents, and what further investigation he could have done

had he requested a continuance.

In his affidavit, trial counsel also addresses matters that the Court of Criminal Appeals did not ask for evidence on in the remand order. The following are Applicant's response to counsel's affidavit on those points.

## ADDITIONAL POINTS

**4.     Failure to Make Adequate Objections to the Defendant Being Prosecuted By a Private Attorney.**

Applicant's contention was that trial counsel should have made a due process objection on this point but failed to do so. Trial counsel's affidavit does not address this argument.

**5.     Failure to Recall the Medical Examiner, Dr. McClain.**

Trial counsel states that recalling Dr. McClain would have accomplished nothing. However, if counsel had recalled Dr. McClain, she could have been confronted with the fact that she reached her conclusion that this was a homicide case based on false information. This would likely have caused her to question the homicide conclusion. Nevertheless, this is a topic that could best be explored in an evidentiary hearing where Dr. McClain can be called to testify.

**6.     Failure to Call Justice of the Peace Taylor Mayfield As a Witness.**

Trial counsel states that a decision was made not to call Mayfield because Mark West had already admitted much of the information given Mayfield was false. However, the falsity of all of the information was not admitted by West and how this false information affected Mayfield was important for the jury to hear.

Because the trial court's supplemental findings are based on this affidavit, Applicant objects once again and asks that the court to either order an evidentiary hearing or grant the requested relief.

Respectfully submitted,

GARY A. UDASHEN
Bar Card No. 20369590

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
214-468-8100
214-468-8104 fax

Attorney for Applicant

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Applicant's Objections to Second Memorandum Order Recommending Denial of Request for Post-Conviction Relief Under Art. 11.07, Code of Criminal Procedure was mailed to the Cass County District Attorney's Office, P. O. Box 839, Linden, Texas 75563, on this the _____ day of August, 2015.

GARY A. UDASHEN