WR-83,375-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/9/2015 4:52:28 PM
Accepted 9/10/2015 8:23:08 AM
ABEL ACOSTA
CLERK

No. WR-83,375-01
Writ No. 4762-A

| | | | |
|---|---|---|---|
| **EX PARTE** | § | | **IN THE TEXAS COURT** |
| | § | | |
| | § | | **OF** |
| | § | | |
| | § | | |
| **SHELTON MONTGOMERY** | § | | **CRIMINAL APPEALS** |

## OBJECTIONS TO THE TRIAL COURT'S
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

NOW COMES Shelton Wade Montgomery, Applicant, and files these Objections to the Trial Court's Order Denying Relief, filed August 31, 2015. In support thereof, Montgomery would show the following:

**I.   The trial court denied Montgomery due process of law in ruling on his writ application without notifying him of his trial counsel's filing of an affidavit, and allowing him to respond**

Montgomery first objects to the procedural manner by which the district court rejected his claims. Indeed, the district court's conduct calls into question whether Montgomery can obtain a just adjudication of his writ.

While Montgomery's writ was pending, the undersigned counsel's staff called the district court and clerk on several occasions to inquire if

1

any documents were filed. Counsel's staff was repeatedly told that nothing was of record. It now appears, however, that Montgomery's trial attorney had filed an affidavit, and it simply wasn't disclosed to Montgomery. In fact, as of the date of this filing, Montgomery has never received any document from the court.

The court nonetheless entered its findings on August 31, 2015, without forwarding the affidavit to Montgomery or his counsel. It seems the trial court immediately denied the writ, without providing undersigned counsel either the opportunity to file his own proposed findings or to respond to the affidavit.

While article 11.07 of the Code of Criminal Procedure grants trial courts great latitude in determining the merits of writ applications, it does not allow for this patently biased approach. On the basis of the foregoing chronology, no reasonable person can assert that the factual determinations necessary to the resolution of this case were made in a reasonable fashion. Montgomery was not afforded even a modicum of due process; specifically, notice and the opportunity to be timely heard.

## II. Montgomery's attorney's affidavit, alone, did not provide enough for the court to rule on his application

In a case that turns on issues of credibility, it is inappropriate to resolve controverted facts without an evidentiary hearing where witnesses are subject to cross-examination. In *Ex parte Byars,* 176 S.W.3d 841 (Tex. Crim. App. 2005), Presiding Judge Keller noted that the most effective way of determining the reliability of witness testimony is through the "crucible of cross-examination." *Id.* at 842 (concurring opinion). Similarly, in *Charles v. State,* 146 S.W.3d 204 (Tex. Crim. App. 2004), the Court stated

> Affidavits . . . are widely and appropriately used in criminal and civil proceedings to determine if there are material disputed facts and to define exactly which facts are disputed. They are not always well-suited for resolving disputed facts.

*Id.* at 210 (footnotes omitted).

Accordingly, in this case, the court should not decide that Montgomery's attorney's affidavit resolves all the factual issues in this case. Nor should the court's decision be based merely on the fact that the court knows the attorneys. This is an inappropriate way to make a credibility determination. *Gallego v. United States,* 174 F.3d 1196 (11th Cir. 1999), is particularly instructive on this issue. In *Gallego,* the court stated:

> It is perfectly legitimate for the district court to find, based on all the evidence in the record, that a defendant's testimony

about his participation in a drug scheme is not credible. The magistrate judge here, however, based the decision on the fact that the defendant's allegations were unsubstantiated and incorrectly found as a matter of law that defendant could not carry his burden without presenting some evidence in addition to his own word, which is contrary to that of counsel's. The magistrate says nothing about the internal consistency of the defendant's testimony, or his candor or demeanor on the stand. Indeed, the magistrate does not even state simply why the defendant's lawyer is the more credible witness in this case. There is nothing in the report to indicate the magistrate weighed defendant's credibility. *Compare United States v. Camacho*, 49 F.3d 349 (11th Cir. 1994) (court made specific findings of fact after an evidentiary hearing regarding defendant's credibility), *cert. denied*, 514 U.S. 1090, 115 S.Ct. 1810, 131 L.Ed.2d 735 (1995). The fact that defendant's testimony is uncorroborated is not enough standing alone to support a credibility finding. Counsel's testimony was also unsubstantiated by other evidence.

While we appreciate the concerns enunciated in *Underwood*, we cannot adopt a per se "credit counsel in case of conflict rule," which allows that in any case where the issue comes down to the "bare bones testimony" of the defendant against the contradictory testimony of counsel, defendant is going to lose every time. We therefore remand for a new evidentiary hearing. Because of the intervening death of District Judge C. Clyde Atkins, the case will necessarily come before a different district judge. We suggest that in view of the nature of the case, if the matter is referred to a magistrate, it be sent to a different magistrate judge.

*Id*. at 1198-99.

Indeed, the federal courts have routinely favored live witness testimony. This is because an evidentiary hearing allows the trier of fact to observe the witnesses and judge their credibility. *See, Webster v. Offshore Food Service, Inc.*, 434 F.2d 1191, 1193 (5th Cir. 1970) (trier of fact is entitled to weigh the credibility of witnesses and value his testimony in light of his demeanor on the stand); *First National Bank v. Martin*, 963 F.2d 809, 814 (5th Cir. 1992) (bankruptcy judge had occasion to observe Martin and listen to his testimony, which necessarily includes the opportunity to study any changes in both his demeanor and tone of voice); *Port Arthur Towing Company v. John W. Towing, Inc.*, 42 F.3d 312, 318 (5th Cir. 1995) (witness' manner and demeanor on the witness stand weighed against credibility); *United States v. Thomas*, 12 F.3d 1350 (5th Cir. 1994) (appellate court must give due deference to the credibility determinations of the district court who has the opportunity to observe the demeanor of the witnesses).

Valid judgments about credibility cannot be made from a review of a paper record alone. Thus, even if the court were to find that counsel's alleged actions were sufficient, the court should have ordered a live evidentiary hearing to resolve whether counsel in fact behaved as such. *See,*

*e.g., Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996) (petitioner entitled to discovery when there is factual dispute which, if resolved in petitioner's favor, would entitle petitioner to relief, and the State has not afforded petitioner a full and fair evidentiary hearing).

III. **The trial court has either never made findings of fact and conclusions of law, or has not alerted Montgomery that it did**

This Court remanded this case in June with instruction to the trial court to make findings of fact and conclusions of law. Montgomery has never been alerted to any such document being entered. Thus, the trial court either ignored this Court's order and denied Montgomery's writ application without providing findings of facts and conclusion of law, or again conducted this matter in violation of Montgomery's right to due process. Accordingly, this case should again be remanded for the entry of findings.

IV. **Conclusion**

In response to Montgomery's allegations that his trial attorney failed to render effective assistance of counsel by not presenting available character and expert testimony, the trial court simply denied the writ

6

without meaningful consideration. The court denied Montgomery any opportunity to respond to his trial counsel's affidavit and entered a one-paragraph order. Further, the court failed to follow this Court's instructions to enter findings of fact and conclusions of law.

Montgomery has never even been provided with his trial counsel's affidavit, much less given an opportunity to be heard. All of these matters must be remedied by a second remand to the trial court, with instruction to copy Montgomery on all filings in a timely fashion and give Montgomery the opportunity to respond. Further, an evidentiary hearing must be conducted.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this court will reject the order denying relief and set this case for a hearing wherein the live testimony of the witnesses may be presented.

Respectfully submitted,

___/s/ Bruce Anton_____
Bruce Anton
State Bar of Texas I.D. No. 01274700

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road,   Suite 250
Dallas, Texas 75201
214-468-8100
214-468-8104 - fax

*Attorney for Applicant Montgomery*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Objections to Findings of Fact and Conclusions of Law was mailed United States Mail, Proper Postage Affixed, to Luke M. Inman, District Attorney, 100th Judicial District Attorney's Office, 800 West Avenue, Box 1, Wellington, Texas 79095 on September 9, 2015.

___/s/ Bruce Anton_____
Bruce Anton