WR-84,092-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/29/2015 10:06:52 AM
Accepted 10/29/2015 10:16:22 AM
ABEL ACOSTA
CLERK

**IN THE COURT OF CRIMINAL APPEALS**
**FOR THE STATE OF TEXAS**
**AUSTIN, TEXAS**

RECEIVED
COURT OF CRIMINAL APPEALS
10/29/2015
ABEL ACOSTA, CLERK

| | | |
|---|---|---|
| **EX PARTE** | § | |
| | § | |
| | § | **NO. WR-84,092-01** |
| | § | |
| **RICHARD HAMER** | § | |

**APPLICANT'S OBJECTIONS TO FINDINGS OF FACT,**
**CONCLUSIONS OF LAW AND ORDER**

**TO THE HONORABLE JUDGES OF SAID COURT:**

**NOW COMES** the Applicant, RICHARD HAMER, and submits the following objections to the Findings of Fact, Conclusions of Law and Order entered in this case and would show the Court the following:

**I.**

The trial court failed to enter any independent findings or conclusions in this case. Rather, the trial court simply signed an order adopting the state's proposed findings. Art. 11.07, Tex. Code Crim. Proc. requires the Court to make its own findings, and not simply rubberstamp what the state proposes.

**II.**

The trial court signed the state's findings after the state obtained an affidavit from defense counsel for Applicant in the trial court. Applicant was not given an opportunity to respond to the affidavit. A response to the affidavit of defense counsel has been filed.

Applicant's Objections to Findings of Fact, Conclusions of Law and Order - Page 1

III.

Moreover, an evidentiary hearing is necessary in this case. Applicant has raised issues in this writ application regarding ineffective assistance of counsel. An affidavit from counsel has been presented. However, Applicant requests an evidentiary hearing where he will have an opportunity to cross-examine counsel for Applicant. *Ex parte Byars*, 176 S.W.3d 841 (Tex. Crim. App. 2005) (Presiding Judge Keller recognizing that the most effective way of determining the reliability of witness testimony is through the crucible of cross-examination).

IV.

Additionally, Applicant objects on the basis that the Court has not seriously considered, or adequately analyzed, his arguments.

Ground One alleged that Hamer received ineffective assistance of counsel. He was involved in a vehicle accident that resulted in the death of another person. Defense counsel advised Hamer to enter an open plea of guilty to manslaughter to the court and allow the court to set punishment. The court set punishment at 15 years in prison. There was a legitimate and meritorious defense to be presented to the manslaughter charge which defense counsel did not present. This defense was that, if Hamer was guilty at all, it was of the offense of criminally negligent homicide, rather than manslaughter.

Counsel was ineffective in advising Hamer to plead guilty to manslaughter and not fully explaining his options to him. Had counsel fully explained the evidence and difference between the charges of manslaughter and criminally negligent homicide, Hamer would not have entered a plea to manslaughter. Had counsel fully explained the evidence in this case, Hamer would have entered a not guilty plea and taken the case to trial. Under the facts of

Applicant's Objections to Findings of Fact, Conclusions of Law and Order - Page 2

this case, Hamer would not have been found guilty of manslaughter or received 15 years in prison.

Ground Two alleged that Hamer's guilty plea was involuntary. In the case at bar, Hamer entered a guilty plea without knowing what the State was required to prove and without knowing that the evidence in fact showed that he was guilty only of the lesser offense of criminally negligent homicide. He was clearly not aware of the full circumstances concerning the law and facts of this case and therefore his plea should be set aside. Hamer would not have entered the plea in this case had he been fully aware of all of the facts, law and circumstances.

A guilty plea must be voluntarily and knowingly entered in order to be valid. When a court entertains a plea agreement, it must assure itself that the plea is entered voluntarily and knowingly. A defendant is required to be informed of all of the direct consequences of the plea. *See Fielder v. State*, 834 S.W.2d 509 (Tex. App. - Ft. Worth 1992); *Ex parte Chandler*, 684 S.W.2d 700 (Tex. Crim. App. 1985).

In *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970), the Court stated the following:

> "That a guilty plea is a grave and solemn act to be accepted only with care and discernment has long been recognized. Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so--hence the minimum requirement that his plea be the voluntary expression of his own choice. But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial--a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."

In the case at bar, Hamer was not aware of the full consequences of his plea and the fact that, if he was guilty, it was only a lesser offense. Thus, his plea was involuntary.

V.

Based on the foregoing, Applicant prays that the Court reject the findings, conclusions and order in this case.

Respectfully submitted,

/s/ Gary A. Udashen
GARY A. UDASHEN
Bar Card No. 20369590

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
214-468-8100
214-468-8104 fax

Attorney for Applicant

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Applicant's Objections to Findings of Fact, Conclusions of Law and Order was mailed to the Harris County District Attorney's Office, 1201 Franklin Street, Suite 600, Houston, Texas 77002, on this the 29th day of October, 2015.

/s/ Gary A. Udashen
GARY A. UDASHEN