51,336 04

TO: Mr. Abel Acosta
Clerk, Tx. Ct. Crim. Appeals

Date: 12/18/15.

From: Mr. David Gonzales
No. 869900
Eastham Unit
2665 Prison Rd. 1
Lovelady, Tx. 75851

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 2 8 2015

Abel Acosta, Clerk

RE: Ex Parte David Gonzales - WR-51,336-04

Dear Clerk,

enclosed please find "Applicant's Objections To Untimely Filing Of Court And State Documents And Objection To The Trial Courts Not Holding A Hearing In This Case."

Will you please file these with the rest of the papers in this cause and bring it to the attention of the Court.

Additionally when you acknowledge receipt will you please inform me if the trial court/district clerks office sent along with my VACCP Art. 11.07 Writ of Habeas Corpus my supporting 49-page Memo Of Law and my 10-Exhibits (80-pages) and my Motion For An Evidentiary Hearing, to you?

Will you also inform me if the trial court issued any Orders and/or Findings Of Fact and Conclusions of Law in this case. The district clerk has not sent me nor advised me of these.

Thanking you for your time & assistance in this matter I remain...

Sincerely,

/S/ David Gonzales

EX PARTE             §

DAVID GONZALES       §      NO. WR-51,336-04

Tr. Ct. No. D-1-DC-87-088352-A

EX PARTE             §    IN THE DISTRICT COURT

                     §    331st JUDICIAL DISTRICT

DAVID GONZALES       §    TRAVIS COUNTY TEXAS

## APPLICANT'S OBJECTION TO UNTIMELY FILING OF
## COURT AND STATE DOCUMENTS

**TO THE HONORABLE JUDGES OF SAID COURT:**

NOW COMES, the Applicant, David Gonzales, and submits these Objections under Art. 11.07, Code of Criminal Procedure and would show the Court the following:

I.

Applicant incorporates and reurges all of his previous arguments and authorities in his 49- page memorandum of law, Motion For An Evidentiary Hearing & 10-Exhibits.

II.

Applicant objects to the failure of the trial court to hold an Evidentiary Hearing on this case. The trial court was presented with numerous non frivolous claims of Ineffective Assistance Of Counsel at both the trial and direct appeal stages in conjunction with error by the magistrate which issued Applicants arrest warrant without probable cause to do so, and numerous Prosecutorial Misconduct Errors. The trial court has received an affidavit from the lead prosecutor in this case. The assertions in the lead prosecutors affidavit have not been subjected to cross-examination and thus, the trial court cannot legitimately base a decision on that affidavit. Moreover, the lead prosecutors affidavit is intentionally inconsistent and fails to set out a legitimate basis for the acts and omissions alleged to have constituted numerous counts of Prosecutorial Misconduct.

A live Evidentiary Hearing is the best way for the court to resolve disputed factual issues. This was recognized as true by Presiding Judge Keller in her concurring opinion in Ex Parte Byars, 176 S.W.3d 841 (TCA 2005). In Byars Judge Keller Stated:

> "The confrontation Clause reflects a Judgment about how the reliability of testimony can best be determined. The Clause commands that reliability be assessed by testing in the crucible of cross-examination. The judgment is valid regardless of the circumstance that the confrontation clause does not apply to the State. ...adversarial testing is the constitutionally prescribed method of assessing, and it 'beats and bolts out the truth much

better' than the procedure used here."

FOR THESE REASONS, Applicant objects to the failure of the court to hold a Hearing.

III.

Additionally, on December 02, 2015 this court received my VACCP Art. 11.07 Writ of Habeas Corpus, 49- Pg. Memo Of Law & 10-Exhibits from the Trial court.

On Dec. 15, 2015 the Applicant received the States Original Answer indicating that it had been filed on Dec. 8, 2015, 6-days after you received my Application from Velma Price the Travis County District Clerk.

This is contrary to Art. 11.07 of the Cd. of Cr. Pr. Sections 3(b) and Section 7. The States deadline to answer was on November 10, 2015. NOTE:(The State did not date their Original Answer).

This procedure has violated my Constitutional Rights to Due Process and Equal Protection of the Law pursuant to the U.S. Constitution Articles 6 and 14.

At this time the Applicant requests that those Documents you have received from the trial court and the State to the court of conviction; and subsequently allow the Applicant to respond to the State's answer. This will allow the Applicant to bypass the Petition For Mandamus that could be filed in this cause.

Applicant has not been notified whether or not the court properly and timely submitted an Order Designating Issues as required by law to extend the court's obligation to forward these documents within 20-days of the 15th day allowed to the State to respond. If there was no Order designating Issues the Court had no authority extending the time either for the State's response and the untimely filing of the court documents. NOTE:(The Dist. Clerk hasn't informed me of any Order or Findings from the trial court).

## CONCLUSION

In closing please consider this Motion for a Petition For Writ Of Mandamus remanding this cause to the trial court for proper consideration and allowing the Applicant to reply to the State's 9-page answer.

Under the Law, common or written, since the district attorney was extremely latein filing her response and the trial court failing to submit an Order desig-nating issues extending the time for the trial court to send the Application to this Court; Applicant would seek a Motion For Summary Judgment granting relief as requsted in Applicant's application.

## PRAYER

For all these reasons Mr. Gonzales requests the Court Grant this Motion and remand this case to the trial court for further proceedings as the Court deems fit.

Evidentiary Hearing requested to fully develop the Habeas Corpus record from the needed testimonies. Please see lead prosecutors affidavit and the Applicant's Memorandum Of Law, Table Of 10-Exhibits and Motion For An Evidentiary Hearing in this case.

Date: Dec. 18, 2015

Respectfully submitted,

/s/ David Gonzales

Mr. David Gonzales, Applicant